SCHOOL DISTRICT No. 15 OF THE TOWN OF GRANVILLE, Respondent, vs. KUNZ and wife, Appellants.

*September 10—October 22, 1946.*

*Paul E. Bornemann* of Milwaukee, for the appellants.

*William Schnellbaecher, Jr.,* attorney, and *William E. Burke* of counsel, both of Milwaukee, for the respondent.

RECTOR, J. It is argued that the action was barred by sec. 330.19 (5), Stats., providing a six-year limitation. The action was instituted November 22, 1944. Appellants claim the excavation was completed in the summer of 1937. The trial court found that it was completed in 1938 but that the time of completion was not material. We agree with that view. The statute did not begin to run until the respondent suffered an injury. Note, 26 A. L. R. 1235, and cases cited. The trial court found that it was not until sometime in 1940 that the respondent's land began to cave appreciably, and its finding is supported by substantial evidence. The appellants argue that it is contrary to reason that no damage by way of caving or washing would occur until two or three years after

the excavation was made. The evidence shows that the excavation approached the line closely in some places and not so closely in others. In those places in which the approach was not close it would require some time before the respondent's land would begin to give way. At those places where the approach was closer the contour of the land may have been such as to permit of less washing and crumbling. We cannot say the physical facts are such that the evidence of those who testified from observation must be disregarded.

The contention that the land gave way by reason of surface drainage rather than failure of lateral support is not convincing. The trial court found to the contrary and its finding is supported by the evidence. It is significant that there were no gullies formed and no caving away of the soil until after the excavation had been made. .

Damages were awarded on the basis of the cost of the retaining wall. Appellants argue that the correct measure would have been the diminution in value of the land or the cost of the wall, whichever was the lesser, citing *Hickman v. Wellauer* (1919), 169 Wis. 18, 171 N. W. 635. Such was the measure of damages applied in that case, but the plaintiff prevailed and seemingly was willing to accept it. A reasonable argument could be made that in any case the cost of rectifying the damage is the proper measure even though it may exceed the diminution in value of the damaged property, but it is not necessary to go that far to support this judgment. The respondent school district, as a public agency, maintained its schoolhouse and schoolground in discharge of a governmental function. The caving away of portions of the schoolground endangered the safety of the children for whom the school was being maintained. Obviously, nothing less than the removal of the hazard would permit the district to function as it should. Supposing that the diminution in the commercial value of the schoolground were less than the cost of the wall, it would

hardly be proper to saddle the difference upon the taxpayers of the district.

The appellants also claim that the retaining wall was one hundred sixty feet in length whereas the excavation was not more than one hundred thirty feet, and that the wall was constructed more expensively than was necessary. Neither contention is tenable. While the abstract of testimony in appellants' appendix contains a statement that the wall was one hundred sixty feet in length, it is not borne out by the record. The evidence shows that it was no longer than that part of the excavation which closely approached the school property. The type of wall constructed and the expense of construction were reasonable and proper.

It is argued that the respondent offered no proof that it was the owner of the property adjoining the excavation and therefore was not entitled to damages. The record shows that following a discussion of the subject by the attorneys in open court, the court in their presence stated it understood ownership in the respondent to be stipulated. It would add nothing to this opinion to recite counsel's conversations in detail; it is sufficient to say that counsel for appellants in the court below, by his concessions and by his acquiescence in the court's statement, stipulated ownership in the respondent.

The appellants interposed a counterclaim to which the respondent replied. After more than twenty days had elapsed a supplemental counterclaim was served and filed, but without the court's permission. At the trial respondent objected to proof under the supplemental pleading and the court sustained the objection upon the ground that it was filed without the permission required by sec. 263.47, Stats. The appellants claim that in *Nickel v. Black* (1945), 248 Wis. 122, 21 N. W. (2d) 658, we held it proper to file a counterclaim on the day of the trial. There the trial court permitted the filing of a counterclaim, and we held it was within its discretion to do

so.    Here there was no application to the court for permission to file the supplemental counterclaim.    If there had been, it would have been within the court's discretion to deny it.

*By the Court.*—Judgment affirmed.