HARTFORD FIRE INSURANCE COMPANY, Plaintiff, v. OS-BORN PLUMBING & HEATING, INC., Defendant and Third-Party Plaintiff and Appellant: KNODLE and others, d/b/a KNODLE, ROSE & ASSOCIATES, Defendants and Respondents: MOTT BROTHERS COMPANY, Third-Party Defendants.

*No. 350. Argued January 3, 1975.—Decided February 4, 1975.*
(Also reported in 225 N. W. 2d 628.)

458

For the third-party plaintiff-appellant there was a brief by *Mark L. Korb* and *Campbell, Brennan, Steil & Ryan, S. C.,* all of Janesville, and oral argument by *Mr. Korb.*

For the third-party defendant-appellant there was a brief by *John P. Graves, Jr.,* and *Korf, Pfeil & Graves,* all of Elkhorn.

For the defendant-respondents there were briefs by *Eli Block* and *Eli Block Law Offices,* all of Janesville, and oral argument by *Mr. Block.*

HANLEY, J. Two issues are presented upon this appeal:

1. Did the trial court err in determining that the appellant was not entitled to contribution from the respondents because the statute of limitations had run?

2. Did the respondents waive the defense of the statute of limitations as an affirmative defense to the claim for contribution?

*Question of contribution.*

Osborn cross-complained for contribution from the respondents if it was found to be liable to the plaintiff. In discussing the doctrine of contribution, this court has said:

"The doctrine of contribution rests on the principle that when parties stand in equal right the law requires equality, and one party should not be obliged to bear the whole of a common burden. The doctrine is founded on principles of equity and natural justice. *Wait v. Pierce* (1926), 191 Wis. 202, 209 N. W. 475, 210 N. W. 822. The basic elements of contribution as applied to negligence cases are: 1. Both parties must be joint negligent wrongdoers; 2. they must have common liability because of such negligence to the same person; 3. one such party must have borne an unequal proportion of the common burden." *Farmers Mut. Automobile Ins. Co. v. Milwaukee Automobile Ins. Co.* (1959), 8 Wis. 2d 512, 515, 99 N. W. 2d 746.

The right to contribution arises from common liability and ripens into a cause of action upon payment by reason of a judgment or pursuant to a reasonable settlement by a joint tort-feasor. *State Farm Mut. Automobile Ins. Co. v. Continental Casualty Co.* (1953), 264 Wis. 493, 59 N. W. 2d 425. However, one alleged to be a joint tort-feasor may, by cross complaint, have the issue of contribution settled in the same action which determines the liability to the plaintiffs. *Gies v. Nissen Corp.* (1973), 57 Wis. 2d 371, 204 N. W. 2d 519.

In *State Farm Mut. Automobile Ins. Co. v. Schara* (1972), 56 Wis. 2d 262, 201 N. W. 2d 758, it was held that a cause of action for contribution is separate and distinct from the underlying cause of action and, therefore, the period in which an injured party must commence his action is irrelevant when a joint tort-feasor who has paid more than his share seeks contribution from another

with whom he shares joint liability. The cause of action for contribution is based on a contract implied by law and an action on it must be brought within six years after the one joint tort-feasor has paid more than his share under sec. 893.19 (3), Stats., which provides the period of limitations for actions on contracts, express or implied.

The trial court granted the motions for summary judgment as to both the complaint and cross complaints after determining that the statute of limitations had run prior to the fire. The basis for dismissing the cross complaints was that there was no common liability for the damages caused by the fire because the statute of limitations had already run.

Common liability is an essential element of a cause of action for contribution.

". . . [T]he common liability necessary to support a cause of action for contribution . . . is determined as of the time the accident occurs, and not as of the time the cause of action for contribution is later asserted. The fact, that the existing common liability has later been extinguished as to one of the joint tort-feasors, is immaterial in so far as effecting the right to have contribution from such joint tort-feasor is concerned." *State Farm Mut. Automobile Ins. Co. v. Continental Casualty Co., supra,* pages 503, 504.

If the period of limitations did in fact run out prior to the fire causing the damages complained of here, there was no common liability so that Osborn was not entitled to contribution from the respondents. The pertinent question, therefore, is when did the cause of action accrue so as to start the running of the statute against the building's owner.

A statute of limitations begins to run against a cause of action at the time when the cause of action accrues.

In *Holifield v. Setco Industries, Inc.* (1969), 42 Wis. 2d 750, 756, 168 N. W. 2d 177, it was said:

"It is the fact and date of injury that sets in force and operation the factors that create and establish the basis for a claim of damages. It is true that, without an act of negligence, no claim for damages based on negligence can arise. It is likewise true that, without the result of injury, no claim for damages based on negligence can be asserted, or at least successfully asserted. Both the act of negligence and the fact of resultant injury must take place before cause of action founded on negligence can be said to have accrued."

Therefore, the cause of action accrues and the statute of limitations begins to run when an injury occurs. *See: Boehm v. Wheeler* (1974), 65 Wis. 2d 668, 223 N. W. 2d 536.

Osborn relies on the case of *Holifield v. Setco Industries, Inc., supra,* in support of its position that the cause of action in this case did not accrue until April, 1970, because it was not until then that there was a loss suffered. *Holifield* was a products liability case where a grinding wheel exploded resulting in the death of the machine's operator. It was held that the cause of action did not accrue until the time the machine operator was injured. This court said:

"It is the fact and date of injury that sets in force and operation the factors that create and establish the basis for a claim of damages. It is true that, without an act of negligence, no claim for damages based on negligence can arise. It is likewise true that, without the result of injury, no claim for damages based on negligence can be asserted, or at least successfully asserted. Both the act of negligence and the fact of resultant injury must take place before cause of action founded on negligence can be said to have accrued." *Holifield v. Setco Industries, Inc., supra,* page 756.

Osborn argues that in this case there was no damage until the fire and, therefore, the cause of action did not

accrue until then. It contends that there is nothing in the record to show that there was any injury prior to that time upon which the trial court could properly base its granting of the motion for summary judgment.

The trial court and the respondents rely on the case of *Milwaukee County v. Schmidt, Garden & Erikson* (1969), 43 Wis. 2d 445, 168 N. W. 2d 559. That case involved a suit against an architectural firm by Milwaukee county for alleged malpractice in the preparation of plans for and supervision of construction of an addition to Milwaukee County General Hospital. The alleged malpractice concerned the design and construction of the addition, including its heating system. As damages, the county sought to recover the amount it had expended and would be required to expend to remedy the defects. This court held that to the extent the complaint stated a cause of action in tort, the action was barred by sec. 893.19 (5), Stats., because the injury had occurred more than six years prior to the commencement of the action. The action was commenced on March 18, 1965, but the only act of the architects after March 18, 1959, was the issuance of the final certificate for the heating contract. Parts of the addition had been occupied for some time prior to that and the county had informed the architects that the heating was unacceptable in 1958.

More recently this court decided the case of *Rosenthal v. Kurtz* (1974), 62 Wis. 2d 1, 213 N. W. 2d 741, 216 N. W. 2d 252. The decision in that case was based on a determination that sec. 893.155, Stats., permits the bringing of a cause of action within six years following the performance of service *and* completion of construction.[2] The action was against the architects who claimed that the last services performed by them were in 1963. The

---

[2] In *Kallas Millwork Corp. v. Square D Co.*, ante, p. 382, 225 N. W. 2d 454, we have held that sec. 893.155, Stats., is unconstitutional as was suggested in the *Rosenthal Case. See* footnote 1, *supra.*

construction of the building was completed in 1967. A portion of the ceilings began to sag and threaten to collapse in 1970. Because of this, the plaintiffs claimed they incurred damages of $200,000 for repairs and loss of rental income. In discussing the application of sec. 893.155, Stats., it was pointed out that the cause of action accrued in 1970 because that is when the injury occurred.

We think the case at bar is similar to *Rosenthal* and *Holifield* rather than *Milwaukee County v. Schmidt, Garden & Erikson.* The trial court in its memorandum decision of October 5, 1972, did not state what the injury was that started the running of the statute of limitations in 1962. The respondents do not state exactly what that injury is. Apparently, both believe that the placement of the defective heater was an injury. However, if this is true it would appear that the same could be said of the building in the *Rosenthal Case.*

The affidavit in support of the motion for summary judgment by Mr. Donald Knodle shows only that the heater was installed in 1962, inspected, found to be operational by him and that no other services were performed by the architects after the final inspection in 1962. Mr. Block's affidavit (Knodle's counsel), sets forth a portion of a deposition of Dallman which only shows that the heater was installed in 1962, that there were no contacts among him and the architects concerning the project until 1968, when a defect in a weld of the heater was found, that Dallman could not recall any contact with the architects when a problem developed with a baffle in 1969, and that to his knowledge there was never any change in the location of the combination fan control and limit thermostat. Dallman's own affidavit discloses that the heater was installed in 1962, that in 1967 it was discovered that the heater's heat exchanger was cracked, that this was replaced in 1968, and that the respondents

were contacted by Dallman to effectuate its repair and to the best of Dallman's recollection Donald Knodle inspected the heating unit and thereafter Osborn replaced the cracked heat exchanger.

On motion for summary judgment, judgment may be entered in favor of the defendant if his affidavits set forth " 'evidentiary facts,' as shall show that his denials or defenses are sufficient to defeat the plaintiff." *Weber v. Hurley* (1961), 13 Wis. 2d 560, 109 N. W. 2d 65.

We conclude that the affidavits do not really show any injury and, as previously noted, the installation of the heater was not in fact an injury. Therefore, the motion for summary judgment should not have been granted on the basis that the statute of limitations ran out prior to Hartford commencing this action. If the statute had not run, there may be common liability on the part of the appellant and respondents to Hartford which is subrogated to the rights of its insured.

Since we have determined that the statute of limitations did not commence to run in 1962, it is necessary to determine if the other essential elements of a cause of action for contribution are found in this case.

In order to have a right to contribution, the party seeking it and the party against whom it is sought must be joint tort-feasors. In *Johnson v. Heintz* (1973), 61 Wis. 2d 585, 600, 213 N. W. 2d 85, this court noted that it is correct that successive tort-feasors are not subject to contribution, but it was said:

"In *Butzow v. Wausau Memorial Hospital* (1971), 51 Wis. 2d 281, 288, 289, 187 N. W. 2d 349, this court pointed out that 'to establish joint liability the independent torts must concur in point of time to thereafter inflict a single injury.' "

As to this point, respondents state that the cross complaint does not allege any negligence upon their part nor does it allege any acts from which a conclusion could

be arrived at that there was joint negligence by the defendants. As to the sufficiency of a complaint on motion for summary judgment, this court has said:

"The affidavit contains a statement the allegations in the complaint do not constitute a basis for a cause of action. This contention is without merit because the sufficiency of the complaint is not at issue in the pleadings and the motion for summary judgment cannot be used to perform the function of or as a substitute for a demurrer." *Dottai v. Altenbach* (1963), 19 Wis. 2d 373, 377, 120 N. W. 2d 41. *See also: Walter Kassuba, Inc. v. Bauch* (1968), 38 Wis. 2d 648, 655, 158 N. W. 2d 387.

The cross complaint here alleges that Hartford's complaint alleges Osborn was negligent and that the other defendants were negligent.

The allegations of Hartford's complaint include, as previously stated, specific allegations of negligence as against the respondents. Also as to Osborn, Hartford alleged it was negligent in failing to install the fan control and limit thermostat in its proper location, in failing to install protective material around the heater and in other respects.

There is a question as to whether or not the appellant and respondents were joint tort-feasors in the sense that their negligence concurred in point of time to produce a single injury. However, the affidavits do not show facts to the contrary.

The respondents also argue that their liability is on contract rather than negligence principles. This court recognizes, however, that a cause of action for malpractice may sound in tort or in contract. *Boehm v. Wheeler, supra.* This is true of causes of action for architects' malpractice. *Milwaukee County v. Schmidt, Garden & Erikson, supra.*

The respondents also contend that the third element of a cause of action for contribution, one party bearing

an unequal proportion of the common burden is missing here. However, this court allows one alleged to be a joint tort-feasor, by cross complaint, to have the issue of contribution settled in the same action which determines the liability to the plaintiff. *Gies v. Nissen Corp., supra.*

*Issue of waiver.*

Osborn takes the position that the respondents waived their right to assert the statute of limitations as a defense to its cross complaint. The defense of the statute of limitations here goes to the nonexistence of an element of a cause of action for contribution, common liability, rather than as a bar to the cross complaint as the statute of limitations is normally applied. Even in this case, however, it would be an affirmative defense.

Sec. 263.15 (3), Stats., provides that no answer need be made to a cross complaint seeking only contribution, the allegations of the cross complaint being deemed controverted. However, only issues of the cross complaint are deemed controverted.

The respondents, however, did answer the cross complaint alleging that the fire and resulting damage were not caused or contributed to by any negligence on their part and denying that Osborn will be or is entitled to contribution. The answer did not set forth the defense that the statute of limitations had run out prior to the fire and, therefore, there was no common liability.

It is true the answer was not necessary, but by allowing a party to submit an unnecessary answer and still raise defenses not found in it may defeat one of the prime purposes for pleadings.

"Pleadings are statements in logical and legal form of the facts which constitute the plaintiff's cause of action or the defendant's ground of defense, their purpose being to define the issues and apprise the parties of what they must be prepared to meet on trial." 71 C. J. S., *Pleading,* p. 17, sec. 1.

If a cross-defendant answers raising some defenses, the cross complainant will most likely rely on that answer as setting forth defenses it must meet and not prepare to meet other possible defenses. If there is an answer, although not required, it should be complete.

As to setting forth affirmative defenses in an answer, it has been said:

". . . Where such affirmative or new matter is of a character such as cannot be proved under a denial of the plaintiff's allegations, a defendant who wishes to avail himself of it must plead it specially. Since the plaintiff must apprise the defendant in the beginning as to what he relies upon for a recovery, it is only right that the defendant should be required also to inform the plaintiff of any special or affirmative defenses he expects to make by pleading the facts constituting such defenses." 61 Am. Jur. 2d, *Pleading,* p. 580, sec. 152.

There is no question that affirmative defenses must be specially pleaded. Sec. 263.13 (2), Stats.; *Shetney v. Shetney* (1970), 49 Wis. 2d 26, 36, 181 N. W. 2d 516; *Stanley v. Milwaukee Automobile Ins. Co.* (1956), 274 Wis. 226, 230, 79 N. W. 2d 662.

We conclude that the respondents should have pleaded their affirmative defense. Failure to plead the statute of limitations is a waiver of the defense. Sec. 263.15 (3), Stats., does not negate that holding since under that section only the allegations of the cross complaint are deemed controverted.

*By the Court.*—Judgment and order reversed and cause remanded for further proceedings.