ABRAMOWSKI, Plaintiff-Appellant, v. WM. KILPS SONS
REALTY, INC., Defendant-Respondent.†

*No. 75–418. Argued September 2, 1977.—
Decided November 1, 1977.*
(Also reported in 259 N. W. 2d 306.)

---

† Motion for rehearing pending. This motion was not decided
at the time the volume went to press. Its disposition will be re-
ported in a later volume.

470

For the appellant there was a brief and oral argument by *Michael F. Dubis* of Waterford.

For the respondent there was a brief by *Sabrowsky, Raasch, Reidenbach & Hartung, S. C.* and oral argument by *Frederick E. Reidenbach,* all of Milwaukee.

DAY, J. This is an appeal from an order dated September 9, 1975, sustaining a demurrer to the complaint. The plaintiff, Mr. Harold Abramowski, alleged that the defendant, Wm. Kilps Sons Realty, Inc., contracted with Irma F. Zernecke and her late husband to design and build a single family residence for them at Franksville, Racine County. According to the complaint, it was understood between the Zerneckes and the defendant that in the construction of the house, defendant was to exercise "ordinary care" or "the same degree of care exercised by similar building contractors" in the vicinity. The contract was made in March of 1962 and the house was completed by the defendant in the fall of 1962.

Plaintiff alleged that the defendant builder negligently constructed the dwelling in that no drainage tiles were placed along the north walls, various bleeder tiles were blocked by concrete, other bleeder tiles were inadequately

spaced, no stone was laid over the tile system around the home and the home was constructed over an unsuitable and inadequate soil base. The plaintiff further alleges that the defendant knew or should have known of such negligent construction and could have constructed the house so as to prevent the damages complained of.

The plaintiff purchased the house from Mrs. Zernecke in November 1971. Plaintiff alleges that as a result of the defendant's negligence, in 1974 the basement walls and foundation cracked and caved in and damaged other parts of the house.

The defendant demurred to the complaint on the ground that under sec. 893.19 (3) and 893.19 (5), Stats.[1] the six year statute of limitations had run.

The questions raised are:

1. Is either sec. 893.19 (3), Stats. or sec. 893.19 (5), Stats. the proper statute of limitations governing a claim alleging negligent design and construction of a residential building?

2. When does the statute of limitations on a claim of negligent design and construction of a residential building begin to run?

Plaintiff argues that the statute that was meant to apply, sec. 893.155,[2] Stats. (1973) was declared un-

[1] "893.19 **Within 6 years; one year notice of damage by railroad.** Within 6 years: . . . (3) An action upon any other contract, obligation or liability, express or implied, except those mentioned in ss. 893.16 and 893.18. . .

"(5) An action to recover damages for an injury to property, or for an injury to the character or rights of another, not arising on contract, except in case where a different period is expressly prescribed."

[2] "893.155 **Within 6 years.** No action to recover damages for any injury to property, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on

constitutional in *Kallas Millwork Corp. v. Square D Co.*, 66 Wis.2d 382, 225 N.W.2d 454 (1974), and thus there is no statute of limitations for actions concerning improvements to real property.[3] The plaintiff contends that sec. 893.19(3) and (5), Stats. do not control because they are more general in scope and cannot take precedence over sec. 893.155, Stats. which applied specifically to to improvements to real property.

The defendant builder originally based its demurrer on sec. 893.19(3) and (5), Stats.

Sec. 893.19(3), Stats. applies to an action based on a contractual obligation but there is no claim of a contract between plaintiff and the defendant since the complaint states the contract was between defendant and the Zerneckes. Thus 893.19(3) would not apply. There is no mention in this complaint that the plaintiff was a party to the contract between the Zerneckes and the defendant. The plaintiff can not base his claim on that contract because a contract can not be enforced by a person not a party to it. *State Dept. of Public Welfare v. Schmidt*, 255 Wis. 452, 39 N.W.2d 392 (1949); *Williams v. Eggleston*, 170 U.S. 304, 309, 18 S. Ct. 617, 619, 49 L. Ed. 1047 (1898).[4] Sec. 893.19(3), Stats. does not

account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than 6 years after the performance or furnishing of such services and construction. This limitation shall not apply to any person in actual possession and control as owner, tenant or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action."

[3] Following *Kallas*, section 893.155 was amended by Chapter 335, Laws of 1975, effective June 13, 1976. The statute as amended is not involved in this case.

[4] The exception to that rule is a contract specifically made for the benefit of a third party which is not the case here. *Marshfield Clinic v. Doege*, 269 Wis. 519, 69 N.W.2d 558 (1955).

apply because the plaintiff does not have an enforceable contract claim.[5]

Sec. 893.19 (5), Stats. applied to actions involving improvements to real property before sec. 893.155, Stats. became law and we hold it applies here since the latter section had been declared unconstitutional. Sec. 893.155, Stats. was created by Ch. 412 of the Laws of 1961. Sec. 893.19 (5), Stats. antedated it, appearing in its present form in Ch. 435, Laws of 1957.

The prior sec. 330.19 (5), Stats., which was similar to sec. 893.19 (5), was found applicable to a claim involving an improvement to real estate in *School District v. Kunz,* 249 Wis. 272, 24 N.W.2d 598 (1946); In *Hartford Fire Ins. Co. v. Osborn Plumbing,* 66 Wis.2d 454, 225 N.W.2d 628 (1975), the defendant raised sec. 893.155, Stats. as a bar to a claim for damages caused by a defective heater installed by one of the defendants. The trial court declared sec. 893.155, Stats. unconstitutional and applied sec. 893.19 (5), Stats. This court agreed that sec. 893.155, Stats. was unconstitutional citing *Kallas, supra,* and discussing the case in terms of sec. 893.19 (5), Stats.

The plaintiff's second argument is that the six year statute of limitations does not begin to run until ". . . a cause of action has accrued"[6] and that no cause of action accrued until the plaintiff suffered damage in 1974 when his basement walls caved in. Previous cases of this court support that position.

---

[5] Plaintiff in its brief seems to argue to the contrary, stating: "Further, 893.19(5) deals with an injury to property 'not arising on contract' which according to the complaint, is not the case at hand." (Plaintiff's Br., p. 7).

[6] "893.14. **Actions, time for commencing.** The following actions must be commenced within the periods respectively hereinafter prescribed after the cause of action has accrued. . . ."

"A cause of action accrues where there exists a claim capable of present enforcement, a suable party against whom it may be enforced, and a party who has a present right to enforce it."[7]

In *School District v. Kunz, supra,* the plaintiff school district sued for the cost of a retaining wall necessitated by the defendant's excavation that removed lateral support from the plaintiff's land. The applicable statute of limitations[8] was six years. The action was commenced more than six years from the time of excavation, but less than six years from the time the damage to the plaintiff's land occurred. Both the trial court and this court found that the time of completion of the excavation was not material and that the action was not barred. "The statute did not begin to run until the respondent suffered an injury."[9]

In *Hartford Fire Insurance Co. v. Osborn Plumbing,* 66 Wis.2d 454, 225 N.W.2d 628 (1975), a building was fire damaged because of a faulty heater. The building's insurer brought a subrogation suit against the architect, the heater manufacturer, the installer and a maintenance man. One of the defendants moved for summary judgment and argued that the statute of limitations ran from the time of the installation of the heater rather than from the time of the fire and that the action was now barred. The trial court applied sec. 893.19 (5), Stats. and granted the summary judgment, apparently reasoning that the statute began to run when the defective heater was put in place.[10] On appeal this

[7] *Barry v. Minahan,* 127 Wis. 570, 573, 107 N.W. 488 (1906). Quoted with approval in *Holifield v. Setco Industries,* 42 Wis.2d 750, 754, 168 N.W.2d 177 (1969).

[8] Sec. 330.19(5), Stats. Now sec. 893.19(5), Stats.

[9] *Kunz, supra,* 249 Wis. 273.

[10] *Hartford, supra,* at 66 Wis.2d 464.

court stated that the installation of the heater was "not in fact an injury."[11] In determining when the cause of action accrued the court stated,

"It is the fact and date of injury that sets in force and operation the factors that create and establish the basis for a claim of damages. It is true that, without an act of negligence, no claim for damages based on negligence can arise. It is likewise true that, without the result of injury, no claim for damages based on negligence can be asserted, or at least successfully asserted. Both the act of negligence and the fact of resultant injury must take place before a cause of action founded on negligence can be said to have accrued." *Hartford, supra,* at 462 quoting from *Holifield v. Setco Industries,* 42 Wis.2d 750, 756, 168 N.W.2d 177 (1969).

*Holifield, supra,* was an action by plaintiff's deceased against defendant manufacturer for personal injury and wrongful death caused when a grinding wheel exploded. The plaintiff sued on several theories, including strict products liability and negligent manufacture. The defendant's demurrer was sustained by the trial court on the theory that the statute began to run when the product was sold. This court overruled the trial court, holding that damages were an essential element of both products liability and negligent manufacture and that no damages were sustained by the plaintiff until the grinding wheel exploded, injuring plaintiff's deceased.

In *Rosenthal v. Kurtz,* 62 Wis.2d 1, 6, 213 N.W.2d 741 (1973), this court also stated that a cause of action accrues when an injury occurs.

The defendant argues that a statute of limitations begins to run when the faulty construction or service is performed, citing *Ott v. Hood,* 152 Wis. 97, 139 N.W. 762 (1913) and *Krueger v. V. P. Christianson Silo Co.,*

[11] *Hartford, supra,* at 66 Wis.2d 465.

206 Wis. 460, 240 N.W. 145 (1932). These were contract
actions unlike the case at bar. Generally, in contract
cases the statute of limitations begins to run at the time
of the breach.

*Denzer v. Rouse,* 48 Wis.2d 528, 531, 180 N.W.2d
521 (1970), cited by defendant was a legal malpractice
case which this court has analyzed like medical mal-
practice cases. *Boehm v. Wheeler,* 65 Wis.2d 668, 676,
223 N.W.2d 536 (1974). In malpractice cases this court
has held that the injury occurred and the action accrued
when the malpractice occurred. *Peterson v. Roloff,* 57
Wis.2d 1, 4, 203 N.W.2d 699 (1973).[12]

In this case where negligent construction of a dwelling
is alleged, the applicable statute of limitations is sec.
893.19 (5), Stats., and that statute began to run when
the plaintiff suffered injury.[13]

---

[12] The defendant argues in its brief that a difference in treat-
ment exists between malpractice and property claims and that
"greater emphasis is placed on the preservation of property rights
than on the preservation of personal or bodily rights." In *Peterson
v. Roloff,* 57 Wis.2d 1, 7, 203 N.W.2d 699 (1973), Mr. Justice
Hallows, in his dissent argued for a discovery rule in medical
malpractice cases. Under this rule, the statute of limitations would
not begin to run until an injured party discovered the injury.
This is similar to the approach that this court has developed in
property damage cases. Nevertheless, this court has consistently
rejected the discovery rule in malpractice cases. *Boehm, supra,*
and *Peterson, supra.* Nevertheless, this court has consistently re-
jected the discovery rule. *Boehm, supra,* and *Peterson, supra.*

[13] Sec. 893.155, Stats. (1973) attempted to limit liability for
certain segments of the construction industry to six years "after
substantial completion of construction." It left other segments of
the industry subject to the indefinite period of the statute in-
volved here and was struck down as violating the equal protection
clause of the U. S. Constitution. This court recognized that "there
are public policy reasons that might justify a limitations period
that takes into consideration those who are engaged in the con-

In the case at bar there is no mention of any injury prior to 1974, therefore the cause of action did not accrue until 1974 and the statute of limitations did not begin to run until 1974.

*By the Court.*—The order sustaining the demurrer to the complaint and dismissing the complaint is reversed and the cause remanded for further proceedings consistent with this opinion.

struction business." However, a statute could not be limited to a restricted class of those so engaged. *Kallas, supra,* p. 391.