TALLMADGE, Plaintiff-Appellant: RADLER, and others, d/b/a CCRT Company, a partnership, Plaintiffs, v. SKYLINE CONSTRUCTION, INC., and another, Defendants-Respondents.

Court of Appeals

*No. 77–657. Argued October 4, 1978.—Decided November 10, 1978.*
(Also reported in 272 N.W.2d 404.)

Before Decker, C.J., Cannon, P.J., and Robert W. Hansen, Reserve Judge.

For the plaintiff-appellant there were briefs by *Frank, Hiller & Shapiro, Ltd.,* and oral argument by *David S. Norman,* Milwaukee.

For the defendants-respondents there were briefs and oral argument by *John H. Niebler* of *Niebler & Niebler,* Menomonee Falls.

DECKER, C. J. Sections 893.14 and 893.19(5), Stats., require that an action to recover damages for

injury to property based upon the alleged negligence of a party must be commenced within six years after the cause of action has accrued. The key question in this appeal is "when does such a cause of action accrue?"

The plaintiffs, second owners of a 24-unit apartment building located in the city of West Milwaukee, brought suit alleging that the defendants were negligent in the planning and construction of the structure.[1] Defendants[2] moved for summary judgment asserting that the action had not been commenced prior to the expiration of the period of limitation provided by secs. 893.14 and 893.19 (5), Stats.

The trial court found that the undisputed facts established a cause of action for damages to the building, due to the alleged negligence of the defendants, had accrued in October, 1966. Because this action was not commenced until November, 1976, the trial court granted the motion for summary judgment, upon the ground that the applicable statute of limitation required commencement of the action within six years after the cause of action accrued.

Section 802.08(2), Stats., provides that a motion for summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

A cause of action based on injury to property due to negligence in design and construction of a building ac-

---

[1] No allegations of fraud are contained in the complaint.

[2] Respondent Donald Forbes failed to file a brief on appeal as required by sec. 809.19(3), Stats. Ordinarily this court would consider such failure grounds for summary reversal under sec. 809.83(2), Stats. However, in view of our holding in this case, we refrain from doing so in the interest of judicial economy.

crues when the plaintiff, or as in this case his predecessor in interest, suffers an "injury." *Abramowski v. Wm. Kilps Sons Realty, Inc.*, 80 Wis.2d 468, 476, 259 N.W.2d 306 (1977). In causes of action based on negligence, the date of injury may not coincide with the date on which the negligent act actually occurred. *Abramowski, supra* at 477. Plaintiff contends that the Wisconsin Supreme Court has never decided the "magnitude of injury" necessary to give rise to a cause of action and to initiate the running of the statute of limitation.

In *Hartford Fire Ins. Co. v. Osborn Plumbing*, 66 Wis.2d 454, 458, 225 N.W.2d 628 (1975), the supreme court quoted the findings of the trial court with apparent approval that the "statute of limitations begins to run when an injury, however slight, was sustained."[3] That conclusion was not intended to obscure the need for a determination of the *fact* of injury. Although the injury may be slight, it must be of a magnitude sufficient to identify the event as an injury. Anything less contradicts the required need for "a resultant injury"[4] to start the ticking of the statute of limitations.[5]

We hold that a cause of action accrues and the statute of limitations (sec. 893.19(5), Stats.) begins to run when the evidence of injury to property, resulting from the negligent act upon which the action is based, is sufficiently significant to alert the injured party to the possibility of a defect. The injury need not, however, be of such magnitude as to identify the causal factor.

---

[3] *See also Abramowski, supra* at 477 ("any injury").

[4] *Holifield v. Setco Industries, Inc.*, 42 Wis.2d 750, 756, 168 N.W. 2d 177 (1969).

[5] *Boehm v. Wheeler*, 65 Wis.2d 668, 677, 223 N.W.2d 536 (1974).

Ordinarily, the question of when such a resulting injury occurred will be a question of fact for the jury. In this case the uncontroverted facts contained in the pleadings and affidavits which were before the trial court fully warranted a finding as a matter of law that a resulting injury was evident in 1966. The injuries included: cracks in windows in numerous apartments throughout the building; cracks in the basement wall and foundation; cracks in the walls of various apartments in the building; buckling of the floor in an apartment; replacement of cement slabs which had been damaged; and inoperability of windows. As the trial judge noted in his memorandum decision, the injuries complained of precipitated twelve written contacts between the original owners and various parties during that year.

In view of the uncontroverted evidentiary facts which were before the trial court, it properly held, as a matter of law, that the statute of limitation had run on the appellants' claim and granted the defendant's motion for summary judgment. *Marshall v. Miles,* 54 Wis.2d 155, 160–61, 194 N.W.2d 630 (1972).

We have today decided the case of *Crawford v. Shepherd*[6] in which we affirmed the trial court's order denying the defendant-architects' motion for summary judgment in an action based on alleged negligence in the design and construction of an apartment complex. No facts were presented to the trial court in that case to demonstrate that an injury to the property had occurred any earlier than four years prior to the commencement of that action. In view of our holding in this case and in *Crawford* that only upon the occurrence of a resultant injury does the statute of limitations begin to run, the trial court was entirely correct to deny the motion for summary judgment in that action.

---

[6] 86 Wis.2d 362, 272 N.W.2d 401 (1978).

Appellant contends that the evidence of injury which appeared in 1966 was insufficient to establish the cause of the injury. It is argued that such evidence could have resulted from normal and expected settling of the building and did not suggest the negligent omission of the basement grade beam or the negligent omission of foundation reinforcement. Those omissions are specific construction defects about which complaint is now made. We have held that the injuries need not have been of a magnitude sufficient to establish the cause as distinguished from the fact of injury. Appellant's contention fails for two additional reasons. First, we have searched the record which was before the trial court and nowhere do we find the assertion that the injuries which did occur in 1966 were not actually caused by the structural defect of which the appellants now complain. In fact, the pleadings and affidavits of the appellants appear to assume that the structural defect was, in fact, the cause of those original injuries.

Second, we note that in opposition to the summary judgment motion, the appellant supplied affidavits from experts to the effect that certain evidence of injury was insufficient to suggest the absence of the grade beam and foundation reinforcement.

One such affidavit asserts:

If the only damage this affiant had observed was sinking in the courtyard and damage in the southwest corner of the building, your affiant would not have suspected design or construction defects . . . .

The other affidavit states:

[M]inor cracks in the foundation and walls and sidewalk sinking outside of the building foundation proper would not indicate to affiant a major structural defect in the building itself.

Neither of those expert opinions are addressed to the extensive window and wall cracks throughout the build-

ing, window inoperability and floor buckling, and therefore do not place in issue either the fact of injury or its cause.

It is undisputed that the circuit court properly held that Skyline Construction, Inc. was not involved in the construction of the building in question. Because the statute of limitation had run, it was unnecessary for the circuit court to afford appellant an opportunity to amend his complaint (a request he did not make to the circuit judge) to allege a cause of action against another "Skyline" sole proprietorship or corporation that may have been an appropriate party defendant.

*By the Court.*—Judgment affirmed.