CRAWFORD, and another, d/b/a Normandy Village, a joint venture, Plaintiffs-Respondents, v. SHEPHERD—The Shepherd Associates—Architects and Planners, Defendant-Appellant.†

Court of Appeals

*No. 77–786. Argued October 4, 1978.—Decided November 10, 1978.*
(Also reported in 272 N.W.2d 401.)

† Petition to review denied, on March 14, 1979.

For the defendant-appellant there were briefs and oral argument by *Chester J. Niebler* of *Niebler & Niebler,* Menomonee Falls.

For the plaintiffs-respondents there were briefs and oral argument by *Martin R. Stein* of *Bass, Goldstein, Moglowsky & Stein, S.C.,* Milwaukee.

Before Decker, C.J., Cannon, P.J. and Robert W. Hansen, Reserve Judge.

CANNON, P.J.   The issue in this case is very simple: Does the statute of limitations for an action based upon architectural negligence begin running on the date of the negligent act or on the date of the injury?

In March 1968, defendant Shepherd was hired by the plaintiffs to provide professional architectural services in the construction of an apartment complex. It is undisputed that the complex was completed as of July 1, 1970. On April 18, 1977, the plaintiff commenced suit against the architect, alleging that he was negligent in the construction of the complex. Specifically, the plaintiffs alleged that the roof of the complex began to rot and leak "within the last four (4) years."

The defendant moved for summary judgment on September 15, 1977, arguing that no question of material fact existed, and that he was entitled to dismissal as a matter of law. The defendant contended that in cases of architectural negligence the statute of limitations begins running on the date the negligence occurs. Since the statute of limitations for damage to property is six years, sec. 893.19(5), Stats., the defendant argued the statute expired no later than July 1, 1976.

The motion was denied by the trial court in an opinion dated November 30, 1977. The court determined that the statute of limitations begins running on the date of injury, and that no evidence was presented to indicate the injury occurred previous to the 1974 roof leak.

A motion for summary judgment will be granted only if it can be shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Section 802.08(2), Stats. " 'If there is a dispute as to the material facts, . . . or if the application of the controlling law to the facts is uncertain, summary judgment should not be granted.' " *College Mobile Home Park & Sales v. Hoffmann*, 72 Wis.2d 514, 521, 241 N.W.2d 174 (1976); *Krezinski v. Hay*, 77 Wis.2d 569, 572, 253 N.W.2d 522 (1977). The denial by the trial court of a summary judgment motion will not be reversed by this court unless the trial court abused its discretion, or failed to exercise it. *Am. Orthodontics Corp. v. G & H Ins.*, 77 Wis.2d 337, 342, 253 N.W.2d 82 (1977).

Section 893.14, Stats. provides that the statute of limitations applicable to this action, sec. 893.19(5), Stats., does not begin to run until "the cause of action has accrued. . . ." The cause of action accrues " 'where there exists a claim capable of present enforcement, a

suable party against whom it may be enforced, and a party who has a present right to enforce it.' " *Barry v. Minahan,* 127 Wis. 570, 573, 107 N.W. 488 (1906) ; *Sussmann v. Gleisner,* 80 Wis.2d 435, 441, 259 N.W.2d 114 (1977). "A cause of action does not accrue unless and until the negligent act causes *injury.*" [Emphasis supplied.] *Olson v. St. Croix Valley Memorial Hospital,* 55 Wis.2d 628, 635, 201 N.W.2d 63 (1972).

The defendant relies heavily on *Milwaukee County v. Schmidt, Garden & Erickson,* 43 Wis.2d 445, 168 N.W.2d 559 (1969) for his argument that in cases involving architectural negligence, the statute of limitations begins running at the time of the negligence. This reliance is misplaced. In *Milwaukee County,* an action for damages allegedly resulting from a faulty heater which the architect had installed in a hospital was commenced on March 18, 1965. However, the plaintiff had informed the architects in 1958 that the heating in the hospital was unacceptable. The dismissal of the action by the trial court was affirmed on appeal.

The important date in *Milwaukee County* was not when the negligence occurred, but when the injury occurred. The injury occurred, at the latest, sometime in 1958. Thus an action commenced in 1965 was begun more than six years after the injury occurred and, therefore, after the statute of limitations in sec. 893.19(5) had run. See *Hartford Fire Ins. Co. v. Osborn Plumbing,* 66 Wis.2d 454, 463, 225 N.W.2d 628 (1975).

This interpretation of *Milwaukee County* is supported by other cases involving statute of limitation defenses to actions based on architectural negligence. In *Rosenthal v. Kurtz,* 62 Wis.2d 1, 6, 213 N.W.2d 741 (1974), the court stated:

In an action for tort, the cause of action ordinarily does not accrue, "until some damage has occurred." Prosser, *Torts* (hornbook series, 4th ed.), p. 144, sec. 30.

This court has uniformly so held in respect to tort cases. Even if the negligence that caused the injury occurred substantially in the past, as in products liability cases, the period of limitations commences to run *from the time of injury*, and not from the time of the negligent act or omission. [Emphasis supplied.]

The Supreme Court has consistently held in medical and legal malpractice cases that a showing of injury must occur before the statute of limitation begins to run. See *Boehm v. Wheeler*, 65 Wis.2d 668, 676, 223 N.W.2d 536 (1974). However, the Supreme Court has found in all medical and legal malpractice cases before it that "[t]he date of negligence and the date of injury were the same date." *Holifield v. Setco Industries, Inc.*, 42 Wis.2d 750, 759, 168 N.W.2d 177 (1969). See *Peterson v. Roloff*, 57 Wis.2d 1, 4, 203 N.W.2d 699 (1973). Thus, in the medical and legal malpractice cases considered by the court, the statute of limitations began to run on the date of negligence and on the date of injury, since both dates were the same.

In architectural negligence cases, the court has recognized that the time of negligence and the time of injury are often not the same. In *Abramowski v. Wm. Kilps Sons Realty, Inc.*, 80 Wis.2d 468, 259 N.W.2d 306 (1977), the defendants had constructed a house for the plaintiffs in 1967. In 1974, the basement walls and foundation of the house cracked and caved in. Plaintiff brought an action in 1975, which the court interpreted to be based on negligence. The defendant contended that the statute of limitations began to run when the faulty construction was completed and thus tolled six years later in 1973.

The court noted that the statute of limitations in medical and legal malpractice cases begins to run at a different time than it does in cases involving negligent construction:

In malpractice cases this court has held that the injury occurred and the action accrued when the malpractice occurred. [Cite omitted.]
. . . .
In this case where negligent construction of a dwelling is alleged, the applicable statute of limitations is sec. 893.19(5), Stats., and that statute began to run when the plaintiff suffered injury. *Abramowski, supra,* at 476.

Also, see *Abramowski, supra,* n. 12. The court reversed the trial court's dismissal of the action, stating:

In the case at bar there is no mention of any injury prior to 1974, therefore the cause of action did not accrue until 1974 and the statute of limitations did not begin to run until 1974.

The court held this in spite of the fact that the architect completed building the house in 1967.

It is apparent from these holdings that in architectural negligence cases, the statute of limitations begins to run when the injury, not the negligence, occurs. In the instant matter the only evidence of injury that was incorporated in the summary judgment motion was that the roof allegedly began rotting in 1974. As the trial court stated in denying the summary judgment motion:

[T]here are no evidentiary facts asserted upon which this Court could make an uncontroverted finding that the "injury" occurred at some time other than the 1974 roof leak.

In summary, we find that in cases of architectural negligence, the statute of limitation begins to run at the time of injury. In this case, no evidence was presented with the summary judgment motion proving that the injury occurred at some other time than 1974. Therefore, the trial court was correct in finding that the appellant's motion could not be granted as a matter of law. A trial

must be held in order for the court to determine if the injury occurred six years before the commencement of this action. The trial court was correct in denying the motion for summary judgment.

*By the Court.*—Affirmed.