Paul LAMB, and Edna Lamb, Plaintiffs-
Respondents,

v.

John MANNING, and Alice Manning, Defendants-
Third Party Plaintiffs-Appellants,

BULL'S EYE CREDIT UNION, Third Party
Defendant-Respondent.

Court of Appeals

*No. 87–1050. Submitted on briefs March 23, 1988.—Decided
June 30, 1988.*

(Also reported in 427 N.W.2d 437.)

For the defendants-third party plaintiffs-appellants the cause was submitted on the briefs of *John T. Manning,* of Wisconsin Rapids.

For the plaintiffs-respondents the cause was submitted on the brief of *Cassandra B. Westgate* of *Terwilliger, Wakeen, Piehler & Conway, S.C.,* of Wausau.

For the third party defendant-respondent the cause was submitted on the briefs of *Gregory J. Johnson,* and *James E. Bauman,* of *Michael, Best & Friedrich,* of Milwaukee.

Before Gartzke, P.J., Dykman and Eich, JJ.

DYKMAN, J.  John and Alice Manning appeal from a judgment dismissing their claims against Bull's Eye Credit Union and granting declaratory judgment in favor of Paul and Edna Lamb. The Mannings also appeal from a judgment assessing them frivolous claim costs under sec. 814.025(3), Stats.,[1] with regard to their third-party complaint against Bull's Eye. The issues are: (1) whether the circuit court properly granted declaratory judgment in the Lambs' favor; (2) whether the Mannings had standing to assert claims arising under the Lambs' mortgage note with Bull's Eye; (3) whether the Mannings' third-party complaint against Bull's Eye was frivolous; (4) whether the frivolous fee award to Bull's Eye was reasonable; (5) whether the Mannings' appeal is frivolous.

We conclude that: (1) the circuit court properly granted declaratory judgment to the Lambs; (2) the Mannings had no standing to assert claims arising under the Lambs' mortgage note with Bull's Eye; (3) the court failed to make the required findings under sec. 814.025(3), Stats., supporting a determination that the Mannings' third-party complaint against Bull's

---

[1]Section 814.025(3), Stats., provides:

In order to find an action, special proceeding, counterclaim, defense or cross complaint to be frivolous under sub. (1), the court must find one or more of the following:

(a)  The action, special proceeding, counterclaim, defense or cross complaint was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

(b)  The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

Eye was frivolous; (4) the Mannings' appeal was not frivolous. Because we must remand the issue of whether the Mannings' action against Bull's Eye was frivolous under sec. 814.025(3), we do not reach the issue of whether the frivolous fee award was reasonable. Therefore we affirm in part, reverse in part, and remand for further findings.

## FACTS

The Lambs mortgaged their house to Bull's Eye, and later sold the house to the Mannings on land contract. Bull's Eye raised the interest rate on the Lambs' mortgage from nine and one-half percent to eleven percent. The Lambs, believing they were permitted to do so by the land contract, raised the Mannings' interest rate by one and one-half percent. The Mannings refused to increase their land contract payments to reflect the increased interest rate.

The land contract contained the following language: "In the event that the interest rate of 9-½% on [the Lambs'] present mortgage at Bull's Eye Credit Union is increased, the interest rate on this contract shall increase accordingly; or also decrease accordingly ...." The Lambs sought declaratory judgment in circuit court that they were entitled to increase the Mannings' monthly payments to reflect the increased interest expense.

In their answer, the Mannings denied that Bull's Eye's mortgage interest rate increase required any increase in land contract payments. This was because Bull's Eye had extended the mortgage's term to avoid any increase in the Lambs' mortgage payments. The Mannings also raised two affirmative defenses: that the land contract's interest rate clause was void

623

because it was unconscionable, indefinite, and extortionate and that certain letters sent from Bull's Eye to the Lambs had worked a novation or modification of the land contract. The Mannings requested that the circuit court either declare the land contract's interest rate clause void or that the court extend the land contract's thirty-year term as long as necessary for the added interest to be paid by the current monthly installments.

The circuit court granted the Mannings' motion to join Bull's Eye as a third-party defendant and the Mannings filed a third-party complaint against Bull's Eye[2] in which the Mannings made various claims against Bull's Eye arising under the Lambs' mortgage with Bull's Eye. Bull's Eye subsequently moved for judgment on the pleadings and frivolous claim costs.

The circuit court granted Bull's Eye's motion for judgment on the pleadings. The court ruled that the Mannings' complaint against Bull's Eye was without merit, and that the Mannings had no standing to bring their action since they were neither parties to nor third-party beneficiaries of the contract between the Lambs and Bull's Eye. The court granted Bull's Eye's motion for frivolous claim costs pursuant to sec. 814.025(3), Stats.

---

[2]The Mannings' third-party complaint alleged the following:

(1) that the mortgage note between Bull's Eye and the Lambs is null and void because it is indefinite, illusory, unconscionable and extortionate;

(2) that Bull's Eye violated the Federal Truth in Lending Law, 15 U.S.C. sec. 1601 because it failed to make certain disclosures to the Lambs as required by that law; and

(3) that Bull's Eye violated sec. 138.055(4), Stats., by failing to use a specified index in making interest rate changes on the mortgage note between the Lambs and Bull's Eye.

The circuit court found no issue of fact for trial and granted the Lambs judgment on the pleadings. The circuit court concluded that the land contract interest rate had increased, that the Mannings owed the additional interest, and that monthly payments must be increased to reflect the increased interest charges.

After a hearing on the frivolous claim costs, the court awarded Bull's Eye costs and attorney fees of $3,531.68 against the Mannings.

## DECLARATORY JUDGMENT

■

At the declaratory judgment hearing, the Mannings conceded that "a declaratory judgment as to the meaning and validity of the [land] contract would be appropriate." However, the Mannings argue that the circuit court abused its discretion by granting the Lambs judgment on the pleadings because there were issues of fact in dispute. We conclude from the pleadings that the Mannings put no facts in dispute. In their answer to the Lambs' complaint, the Mannings plead legal conclusions or argue questions of law. This is not enough. "'A pleading which depends on conclusions of law, without stating the facts on which they are based, is fatally defective. In other words, a conclusion of law cannot obviate the necessity of setting out essential facts.'" *Barrett v. Pepoon,* 19 Wis. 2d 360, 362, 120 N.W.2d 149, 150 (1963) (citation omitted).[3]

---

[3]"Notice pleading," adopted in sec. 802.06(2), Stats., provides that "[e]very defense, in law or fact, ... shall be asserted in the responsive pleading ...." However, a party still has the duty to put facts at issue because a motion for judgment on the pleadings,

The Mannings assert that in their memorandum to the circuit court, they pointed out issues of fact which needed to be tried. Memoranda or briefs are neither pleadings nor affidavits, are non-evidentiary, and therefore cannot properly put any facts at issue. Therefore the Mannings' memorandum must be ignored. *See E.S. v. Seitz,* 141 Wis. 2d 180, 186, 413 N.W.2d 670, 673 (Ct. App. 1987) (documents either not of record or not authenticated by affidavit are nonevidentiary and must be ignored by the court).

## VALIDITY OF LAND CONTRACT

The Mannings attack the validity of the land contract because they claim that Bull's Eye's interest rate clause was void. The Mannings concede that they are neither parties to nor third-party beneficiaries of the Lambs' mortgage with Bull's Eye. Therefore they have no standing to question its validity, *Abramowski v. Wm. Kilps Sons Realty, Inc.,* 80 Wis. 2d 468, 472, 259 N.W.2d 306, 308 (1977), and this attack on the land contract's validity must fail.

## UNAMBIGUOUS LAND CONTRACT

The Mannings argue that the land contract's variable interest rate clause is ambiguous because: (1) it does not explain how the increase in interest is to be paid; and (2) the meaning of one of the land contract's terms, which calls for an increase or a decrease in the land contract's interest rate as the Lambs' mortgage's interest rate increases, is unclear.

like a motion to dismiss for failure to state a cause of action under sec. 802.06(2)(f), tests the legal sufficiency of the pleadings. *Olson v. Ratzel,* 89 Wis. 2d 227, 235, 278 N.W.2d 238, 242 (Ct. App. 1979).

Whether a contract is ambiguous is a question of law which we review *de novo. Wausau Underwriters v. Dane County,* 142 Wis. 2d 315, 322, 417 N.W.2d 914, 916 (Ct. App. 1987). Words and phrases in a contract are unambiguous unless they are fairly susceptible to more than one construction. *Brown v. Maxey,* 124 Wis. 2d 426, 442, 369 N.W.2d 677, 686 (1985). The land contract has a thirty-year fixed term. There is no provision for increasing that term should the land contract's interest rate increase. Therefore, the only reasonable way that the excess interest could be paid would be to increase the monthly payments. With regard to the Mannings' argument that the land contract's variable interest rate clause is unclear, we disagree. The only reasonable construction is that the land contract's interest rate increases or decreases according to the underlying mortgage's interest rate. We conclude that the land contract's variable interest rate clause is unambiguous.

The Mannings claim that two letters sent by Bull's Eye to the Lambs, copies of which the Lambs sent to the Mannings, amended the land contract. "[A] party to a contract cannot unilaterally modify its terms without the other party's assent." *Schaefer v. Dudarenke,* 89 Wis. 2d 483, 492, 278 N.W.2d 844, 848 (1979). Material alterations in a contract are nullities with respect to non-consenting parties. *Kane v. Employer's Ins. of Wausau,* 142 Wis. 2d 702, 706, 419 N.W.2d 324, 326 (Ct. App. 1987). There has been no allegation that both parties consented to a modification of the land contract. Therefore we conclude that the letters had no affect on the land contract. Because the trial court correctly evaluated the Mannings'

responsibilities and the Lambs' rights under the land contract, we affirm that part of the judgment.

## THIRD-PARTY COMPLAINT

With regard to the Mannings' third-party complaint against Bull's Eye, which requested that the variable interest rate clause of the Lambs' mortgage with Bull's Eye be declared void, we agree that the Mannings had no standing to raise this issue. The only persons who can sue under a contract are either the parties to or third-party beneficiaries of the contract. *Abramowski,* 80 Wis. 2d at 472, 259 N.W.2d at 308. The Mannings concede that they are neither. Therefore the circuit court properly dismissed their claim.

## FRIVOLOUS CLAIM

The circuit court found Mannings' third-party complaint frivolous and granted Bull's Eye's motion for frivolous claims costs pursuant to sec. 814.025(3), Stats. However, the circuit court did not state which subsection of the statute the Mannings violated. "The statute does not allow the trial judge to conclude frivolousness or lack of it without findings stating which statutory criteria were present, harassment or knowledge or imputed knowledge that there was not 'any reasonable basis in law or equity' for the position taken." *Sommer v. Carr,* 99 Wis. 2d 789, 792, 299 N.W.2d 856, 857 (1981). Whether an action is frivolous within the meaning of sec. 814.025, Stats., is a question of law which we review *de novo. First Federated Sav. v. McDonah,* 143 Wis. 2d 429, 433, 422 N.W.2d 113, 115 (Ct. App. 1988).

The circuit court found that the Mannings' complaint against Bull's Eye was without merit and that the Mannings had "no standing in the law, on the fact or in common sense for [their] action." These findings do not support a frivolousness finding under sec. 814.025(3)(a), Stats., because this section "requires a finding that the *sole* purpose of the lawsuit was to harass the other party." *Stoll v. Adriansen,* 122 Wis. 2d 503, 514 n. 5, 362 N.W.2d 182, 188 (Ct. App. 1984) (emphasis in original).

In *Radlein v. Industrial Fire & Cas. Ins. Co.,* 117 Wis. 2d 605, 612, 345 N.W.2d 874, 878 (1984), the supreme court outlined the necessities for a frivolousness finding under sec. 814.025(3)(b), Stats. A court must find that "the attorney knew the action was without any reasonable basis in law *and* could not be supported by a good faith argument for an extension, modification or reversal of existing law." *Id.* (Emphasis in original). The good faith test has two prongs. "First, is the law ready for extension, modification or reversal, and, if not, then secondly, was the argument for such change made in good faith even though not successful." *Id.*

The circuit court's finding that the Mannings' complaint against Bull's Eye was meritless and that the Mannings had "no standing in the law, on the fact or in common sense for [their] action" is not a finding that the Mannings knew that their action was without a reasonable basis in law or equity. In addition, the circuit court made no findings regarding the following "good faith" criteria: (1) that the law was not ready for extension, modification or reversal; and (2) whether the Mannings' argument for a change in the law was not made in good faith. Therefore we remand the sec.

814.025(3), Stats., frivolousness issue to the circuit court for further findings. Because of our disposition of this issue, we do not address the reasonableness of the frivolous costs award.

## APPEAL NOT FRIVOLOUS

Bull's Eye requests its costs and attorney fees incurred on appeal because it claims that the Mannings' appeal is frivolous within the meaning of sec. (Rule) 809.25(3)(a), Stats., which provides in pertinent part:

> If an appeal ... is found to be frivolous by the court, the court shall award to the successful party costs and fees under this section.

The Mannings successfully asserted that the circuit court erred by failing to make the findings necessary to support an award of attorney fees pursuant to sec. 814.025, Stats. Under these circumstances, we cannot conclude that the Mannings' appeal is frivolous.

*By the Court.*—Judgment affirmed in part, reversed in part and cause remanded for further proceedings.