**WALGREEN COMPANY, Plaintiff,**

v.

**SARA CREEK PROPERTY COMPANY a/k/a Sara Kreek Beta, and Phar-Mor Corporation, Defendants.**

**No. 91–C–165.**

United States District Court, E.D. Wisconsin.

Sept. 30, 1991.

Kevin J. Lyons, Pamela H. Schaefer, Cook & Franke, S.C., Milwaukee, Wis., for plaintiff.

Richard M. Knoth, Greenberger, Krauss & Jacobs, Chicago, Ill., for defendants.

## OPINION AND ORDER

CURRAN, District Judge.

### INTRODUCTION

On February 15, 1991, plaintiff Walgreen Company filed a complaint against defendants Sara Creek Property Company and Phar–Mor Corporation seeking preliminary and permanent injunctive relief for breach of a lease agreement. Walgreen seeks an order enjoining Sara Creek and Phar–Mor from entering into a lease under which Phar–Mor would rent retail store space from Sara Creek at the Southgate Mall in Milwaukee, Wisconsin or from entering into any other arrangement which would permit Phar–Mor to operate at the Southgate Mall.

In 1971, Walgreen contracted to lease store space from Froedert Enterprises, Inc. at the Southgate Mall. The plaintiff maintains that, with certain narrow exceptions, its lease with Sara Creek, the successor lessor, prohibits the operation of any other store at Southgate Mall with a pharmacy or

any other store which devotes the principal portion of its stock to health and beauty aids. Sara Creek argues that Walgreen has waived this restrictive provision; that the exclusivity clause violates public policy; or, in the alternative, that Walgreen is not entitled to injunctive relief because it can be compensated by money damages. The defendants filed counterclaims which they have moved to dismiss without prejudice.

As agreed by the parties, Walgreen's motion for a preliminary injunction was consolidated with a trial on the merits. The bench trial was conducted beginning on September 3, 1991 and concluding on September 12.

Having reviewed the stipulations, evidence, testimony and arguments offered by the parties, the court now recites its findings of fact and conclusions of law separately as required by Federal Rule of Civil Procedure 52. The parties' stipulated facts are incorporated into the court's findings.

The parties agree that Wisconsin substantive law governs the claims in this case.

## I. JURISDICTION

### FINDINGS OF FACT

The court finds and concludes that it has diversity jurisdiction over the subject matter of this action, pursuant to Section 1332 of Title 28 of the United States Code, in that it is undisputed that plaintiff Walgreen Company is a citizen of the state of Illinois with its principal place of business in Deerfield, Illinois; defendant Sara Creek Property Company is a citizen of the Netherlands with its principal place of business in the state of New York; defendant Phar–Mor is a citizen of the state of Pennsylvania with its principal place of business in Youngstown, Ohio; and the amount in controversy exceeds $50,000.00, exclusive of interest and costs.

## II. BREACH OF CONTRACT

1. On or about April 26, 1971, a lease was entered into between Froedert Enterprises, Inc., or its agents, and Walgreen.

2. The exclusive use provision contained in the Walgreen lease and which applies to the entire Southgate Mall states in part that:

Landlord covenants and agrees that, during the continuance of this lease, but only if drugs are sold and medical prescriptions filled on the leased premises by Tenant, by an assignee.... by or under the supervision of a qualified pharmacist, no other portion of the entire property shown on said attached Exhibit B–1 will be used for the operation of a drug store or a so-called prescription pharmacy or for any other purpose requiring a qualified pharmacist, nor for the operation of a business the principal portion of which is the sale of so-called health and beauty aids and drug sundries...... This provision shall also apply to any additional property which Landlord, directly or indirectly, may now or hereafter own or control, and which may be adjacent to said Shopping Center, or which may be added to or used in conjunction therewith. The provisions of this Article shall not be applicable to the Gimble–Schuster department store in said Shopping Center, nor to another department store with at least 180,000 square feet of floor area, and except with respect to a drug store, so-called prescription pharmacy or any other purpose requiring a qualified pharmacist shall not apply to the premises occupied by W.T. Grant Co. and The Kroger Co. under their present leases or extensions thereof, nor to an F.W. Woolworth Co. type of operation nor to a super food market. The provisions of this Article with reference to health and beauty aids shall not apply to a cosmetic shop of the Merle Norman type with not more than 2000 square feet of floor area.

3. In 1977, after negotiations with Froedert, Walgreen agreed to the operation in Southgate Mall of a Pill & Puff Store. Pill & Puff leased approximately 2,000 square feet of space in the Mall and operated a store which sold health and beauty aids. Prior to the opening of the Pill & Puff, Walgreen informed Froedert that:

With reference to the lease dated April 26, 1971, covering the above premises, we hereby agree that the provisions of Article 9 with respect to the sale of health and beauty aids shall not be applicable to Pill and Puff, Inc. so long as Pill and Puff, Inc. shall occupy the space formerly occupied by National Food Stores, as shown on the plan attached to said lease.

4. In 1978, Sara Creek purchased all rights and interest in Southgate from Froedert, continued operations of the mall and succeeded to Froedert and is bound by the terms and conditions of the lease, including all amendments to the lease, entered into between Walgreens and Froedert. Sara Creek is the present owner of the Southgate Mall and the Landlord under the terms of the lease.

5. Anticipating that a Southgate Mall anchor tenant known as The Boston Store would vacate the premises, defendant Sara Creek sought another tenant. On May 25, 1990, one prospect, defendant Phar–Mor sent Sara Creek a letter of intent which stated:

We have reviewed your plans relative to Southgate Mall and have tentatively approved the location subject to satisfactory lease terms and corporate approval.

6. Phar–Mor operates pharmacies in each of its more than 200 stores.

7. Phar–Mor intends to operate a pharmacy in any store it operates at the Southgate Mall.

8. The Phar–Mor operation does not come within any of the exceptions to the exclusivity clause contained in Walgreen's lease with Sara Creek.

## CONCLUSIONS OF LAW

■ 9. Under Wisconsin law, a plaintiff claiming breach of contract has the burden of proving by a preponderance of the evidence that a contract exists, that the defendant's actions violate the express language of the contract, and that the defendant's breach is material and results or will result in injury. *See Household Utilities, Inc. v. Andrews Company, Inc.,* 71 Wis.2d 17, 28,

236 N.W.2d 663, 669 (1976); *St. Francis Savings and Loan Association v. Hearthside Homes, Inc.,* 65 Wis.2d 74, 78–79, 221 N.W.2d 840 (1974).

■ 10. To establish an anticipatory breach of a contract, a definite and unequivocal manifestation of an intention on the part of the repudiator that it will not give the promised performance must be proved. In this case Walgreen has the burden of proving by a preponderance of the evidence that Sara Creek intentionally repudiated its obligation in advance. *See Repinski v. Clintonville Federal Savings and Loan Association,* 49 Wis.2d 53, 59, 181 N.W.2d 351, 354 (1970).

■ 11. In construing the terms of a contract, a court is required to engage in a two-fold inquiry. First, it is necessary to look to the plain language of the provision at issue. If the language of the contract unambiguously provides an answer to the question at hand, the inquiry is over. If the plain language of the contract is ambiguous, then the court must go on to declare the contract's meaning. If the court finds that a contract is ambiguous and that extrinsic evidence is undisputed, then the interpretation of the contract remains a question of law for the court to decide. However, if the parties dispute the extrinsic evidence on an ambiguous contract, then a fact finder must determine the intent of the parties. *See Lumpkin v. Envirodyne Industries, Inc.,* 933 F.2d 449, 457 (7th Cir. 1991), *petition for cert. filed,* No. 91–276 (U.S. August 15, 1991).

12. The question of whether a contract is ambiguous is a question of law. *See Toys "R" Us, Inc. v. NBD Trust Company of Illinois,* 904 F.2d 1172, 1176 (7th Cir. 1990); *Lamb v. Manning,* 145 Wis.2d 619, 627, 427 N.W.2d 437, 441 (1988). Words or phrases in a contract are ambiguous when they are susceptible of more than one meaning. *See Wilke v. First Federal Savings & Loan Association,* 108 Wis.2d 650, 654, 323 N.W.2d 179, 181 (1982).

■ 13. The phrase "the principal portion," as used in clause nine of the contract at issue, is not defined in the con-

tract and is not plain on its face. Therefore, the phrase "the principal portion" is ambiguous in that the court must resort to extrinsic evidence to define the words.

14. The parties presented no persuasive extrinsic evidence establishing the intent of the contracting parties in using the phrase "the principal portion."

15. Resorting to the *Random House Dictionary of the English Language* (2d ed. 1987), the court concludes that "principal" is synonymous with "main" which means "chief in size or extent." The word "portion" refers to size or space. The phrase is introduced by the article "the" which indicates "one." Thus, as used in this contract, the phrase "the principal portion" means fifty percent or more in space or number. In other words, clause nine of the lease prohibits Sara Creek, the lessor, from leasing space to any other operation which devotes fifty percent or more of its shelf space or sales to health and beauty aids and drug sundries.

16. Wisconsin law provides that:

Waiver means that a party is precluded from asserting a right, a claim or privilege because it has previously knowingly, voluntarily, and intentionally relinquished or given up that right, claim, or privilege.

Waiver must be a voluntary act and implies a knowing choice by a party to dispense with something of value or to forego a right or advantage which it might have demanded and insisted upon. It only involves the conduct of the party against whom the waiver is asserted and consideration is not necessary for the doctrine to apply; nor need there be a detriment or harm to the party claiming the waiver.

The following elements must appear before the doctrine of waiver can apply:

1. That the party had a right, claim, or privilege in existence at the time of the claimed waiver.

2. That the party which is alleged to have waived such a right had knowledge, actual or constructive of the existence of its rights or of the important or material facts which were the basis of its right.

That the party waiving such right did so intentionally and voluntarily.

*See Perlick v. Country Mutual Casualty Company*, 274 Wis. 558, 565, 80 N.W.2d 921, 925 (1957). *See also* Wisconsin Jury Instructions—Civil 3057.

■ 17. Walgreen did not waive its rights under the exclusivity clause by allowing Pill & Puff store to operate at Southgate Mall.

■ 18. In general, public policy does not bar exclusivity clauses in shopping mall leases. *See, e.g., In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1087–88 (3d Cir.1991) (under federal bankruptcy law one criteria of a "shopping center" is "[c]ontractual interdependence of the tenants as evidenced by restrictive use provisions in their leases"); *American Dairy Queen Corporation v. Brown–Port Company*, 621 F.2d 255, 258 (7th Cir.1980) (speaking approvingly of exclusivity clause in Wisconsin shopping center lease).[1] *See also generally Polk Brothers, Inc. v. Forest City Enterprises, Inc.*, 776 F.2d 185 (7th Cir.1985).

■ 19. The exclusivity clause contained in paragraph 9 of the lease between Sara Creek and Walgreen does not contravene public policy.

■ 20. Walgreen has proved by a preponderance of the evidence that it has a valid lease agreement with Sara Creek and that Sara Creek has intentionally repudiated its obligation under paragraph 9 (the exclusivity clause) of the lease, by entering into an agreement whereby Phar–Mor would operate a store with a pharmacy at the Southgate Mall. However, Walgreen has failed to establish that a typical Phar–Mor store or the Phar–Mor store projected

---

[1] Although the defendants argued that the exclusivity clause in the Walgreen lease violates public policy, Walgreen presented evidence that, after its own lease was executed, Phar–Mor entered into at least three leases with Wisconsin shopping malls which contain exclusivity clauses giving Phar–Mor the exclusive right to operate a pharmacy and to sell a significant percentage of health and beauty aids. *See* Exhibits 23, 24 & 25.

for the Southgate Mall would devote fifty percent or more of its shelf space or sales to health and beauty aids and drug sundries.

### III. *CLAIM FOR RELIEF FROM PHAR–MOR*

21. Walgreen has proved no claim for breach of a contract right or any other right against defendant Phar–Mor.

22. Equity jurisdiction exists only to remedy legal wrongs; without some showing of a probable right there is no basis for invoking it. *See Roland Machinery Company v. Dresser Industries*, 749 F.2d 380, 387 (7th Cir.1984) (*en banc*).

23. Because Walgreen has not proven that Phar–Mor has violated its rights, Walgreen is not entitled to injunctive relief from Phar–Mor and all Walgreen's claims against Phar–Mor shall be dismissed.

### IV. *PERMANENT INJUNCTIVE RELIEF*

#### A. FINDINGS OF FACT

24. If Sara Creek leases space to Phar–Mor to operate a store with a pharmacy at Southgate Mall, Walgreen cannot be compensated in money damages for its loss of good will, including erosion of customer base and diminution of corporate image. Profits which will be lost cannot be calculated with accuracy for the Walgreen store at the Southgate Mall site. In addition, Walgreen will suffer irreparable harm by losing its exclusivity rights—an item bargained for in the lease negotiations and reflected in the economic value of the lease. Finally, the operation of Phar–Mor at the Southgate Mall would inflict a continuing injury upon Walgreen which could give rise to multiple lawsuits.

25. If Sara Creek is enjoined from leasing space to Phar–Mor at Southgate Mall, it will have to continue to search for an anchor tenant should the Boston Store vacate its space.

26. The general public would suffer no significant injury if Sara Creek is enjoined from leasing space to Phar–Mor at Southgate Mall.

27. The harm to Walgreen would outweigh the harm to Sara Creek should the court not grant injunctive relief.[2]

#### B. CONCLUSIONS OF LAW

28. Under Wisconsin law a tenant can obtain injunctive relief to enforce an exclusivity clause in a lease. *See generally Shaft v. Carey*, 107 Wis. 273, 83 N.W. 288 (1900).

29. Permanent injunctive relief is appropriate if (1) the plaintiff is successful on the merits of its claim; (2) there is no available remedy at law, and (3) the balance of equities favors granting such relief. *See K–Mart Corporation v. Oriental Plaza, Inc.*, 875 F.2d 907, 914–15 (1st Cir.1989); *Travellers International, AG v. Trans World Airlines*, 722 F.Supp. 1087, 1096 (S.D.N.Y.1989); *Child World, Inc. v. South Towne Centre, Ltd.*, 634 F.Supp. 1121, 1134–35 (S.D.Ohio 1986).

30. Walgreen has succeeded in proving that Sara Creek breached the parties' lease agreement by agreeing to lease retail space at Southgate Shopping Center to Phar–Mor which will operate a pharmacy. *See American Dairy Queen v. Brown–Port Company*, 621 F.2d 255, 258 (7th Cir.1980) ("A lessee under a lease containing an exclusivity clause expects that the use to which it puts the premises will be exclusive within the limits of the clause. The violation of that expectancy constitutes the breach.").

31. Potential loss of profits is difficult to calculate and monetize, while injury to a real estate interest and injury to good will are harms not readily measurable or fully compensable in damages. These harms are irreparable. *See K–Mart Corporation v.*

---

2. In the context of considering a motion for a preliminary injunction, the Seventh Circuit has stated that: "The more likely the plaintiff is to win, the less heavily need the balance of harm weigh in his favor; the less likely he is to win the more need it weigh in his favor." *Roland* *Machinery Company v. Dresser Industries, Inc.*, 749 F.2d 380, 387 (7th Cir.1984) (*en banc*). In the instant case the court has concluded that the plaintiff has prevailed on the merits of its breach of contract claim.

*Oriental Plaza, Inc.*, 875 F.2d 907, 915 (1st Cir.1989). *See also Roland Machinery Company v. Dresser Industries, Inc.*, 749 F.2d 380, 386 (7th Cir.1984) (*en banc*) (lost profits "very difficult to calculate").

32. Damages are not an adequate remedy when a wrong will be of a continuing nature and effective legal relief cannot be obtained without multiple lawsuits. *See Tri–State Generation & Transmission Association, Inc. v. Shoshone River Power, Inc.*, 874 F.2d 1346, 1363 (10th Cir.1989).

33. "There is a strong public interest in fair dealing and the solemnity of contracts; if commerce is to function in our capitalistic system, entrepreneurs must play by the rules." *K–Mart Corporation v. Oriental Plaza, Inc.*, 875 F.2d 907, 916 (1st Cir. 1989).

34. The balance of equities favors granting permanent injunctive relief to plaintiff Walgreen. *See Child World, Inc. v. South Towne Centre, Ltd.*, 634 F.Supp. 1121, 1134–35 (S.D.Ohio 1986).

### ORDER

Based on these findings of fact and conclusions of law, the court ORDERS that plaintiff Walgreen's request for a permanent injunction IS GRANTED. Defendant Sara Creek Property Company is enjoined for the duration of its lease with plaintiff Walgreen Company from leasing space at the Southgate Mall in Milwaukee, Wisconsin to Phar–Mor Corporation in which Phar–Mor would operate a pharmacy.

Upon motion of the defendants and with no objection or request for conditions from the plaintiff, IT IS FURTHER ORDERED that all counterclaims are dismissed without prejudice. *See* Federal Rule of Civil Procedure 41(a)(2).

IT IS FURTHER ORDERED that all claims of plaintiff Walgreen asserted against defendant Phar–Mor are dismissed for failure to prove a claim upon which relief can be granted.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 58, the Clerk of court shall enter a final judgment as a separate document. This judgment shall provide that:

This action came on for trial before the Court, Honorable Thomas J. Curran, District Judge, presiding, and the issues having been fully tried and a decision having been duly rendered,

IT IS ORDERED AND ADJUDGED that defendant Sara Creek Property Company is enjoined for the duration of its lease with plaintiff Walgreen Company from leasing space at the Southgate Mall in Milwaukee, Wisconsin to Phar–Mor Corporation in which Phar–Mor would operate a pharmacy.

Done and Ordered.