James C. GOOSSEN and Laurie L. Goossen, Plaintiffs-Respondents,

v.

The ESTATE OF Leo F. STANDAERT and Marie A. Standaert, Defendants,

FIRST NATIONAL BANK OF GLENWOOD, Defendant-Appellant.

Court of Appeals

*No. 94–0157. Submitted on briefs August 30, 1994.—Decided November 8, 1994.*

(Also reported in 525 N.W.2d 314.)

241

On behalf of defendant-appellant, the cause was submitted on the briefs of *Daniel Q. Poretti* of *Bakke Norman S.C.* of Menomonie.

On behalf of plaintiff-respondent, the cause was submitted on the brief of *Scott R. Needham* of *Reinstra, Van Dyk & Needham, S.C.* of New Richmond.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   The First National Bank of Glenwood appeals a judgment for money damages. The trial court held the bank liable to the plaintiffs on theories of breach of contract, negligent misrepresentation and negligence and ordered the bank to pay the cost of replacing the septic system on the plaintiffs' property. We conclude that the plaintiffs' claims fail and reverse.

## BACKGROUND

In the summer of 1989, James and Laurie Goossen went to the bank to secure a home mortgage.[1] The Goossens had inspected the home they wanted to purchase, but at no time inspected the septic system or inquired of the sellers as to the age or reliability of the system. They paid the bank a fee for processing the loan, were approved and purchased the home.

The loan was processed through the Wisconsin Housing and Economic Development Authority (WHEDA). WHEDA purchases mortgages and securities and uses the proceeds from the sales "for the purpose of residential housing for occupancy by persons or families of low and moderate income . . . ." Section 234.03(13), STATS. Under its HOME Program, WHEDA makes below-market, fixed interest mortgage

---

[1] Defendants Marie and Leo Standaert were the sellers of the property. Marie and the estate of Leo Standaert were dismissed as defendants by the trial court with prejudice and without costs. The bank raises no issue on appeal involving the Standaerts.

loans available to low- and moderate-income individuals and families through lenders who are certified to process WHEDA-sponsored loans. In order to be certified, lenders agree to comply with their Lender's Manual requirements. WHEDA further requires lenders to warrant, at the closing of a sale, that to the best of the lender's knowledge, the loan meets the requirements of the manual. The manual requires lenders to obtain an inspection of the septic system when a loan application is for purchase of a rural property.

The Goossens learned of WHEDA-sponsored loans before visiting the bank. They wanted a WHEDA loan because of its lower interest rate and favorable terms for first-time home buyers. It is unclear whether they asked for a WHEDA loan or whether the bank loan officer suggested it.

The bank's standard practice did not include a septic system inspection. The Goossens did not expect the bank to obtain such an inspection, they did not ask for an inspection and the bank did not promise one. At the time of the agreement between the Goossens and the bank, neither the Goossens nor the loan officer knew of the inspection requirement; the loan officer had failed to read the inspection provision in the WHEDA Lender's Manual.

In processing the loan, the loan officer followed WHEDA checklists, which did not include the inspection requirement. She gave the Goossens a residential loan application form and a residential offer-to-purchase form to fill out, which made no mention of the inspection requirement.

At the closing, the Goossens signed a note and a mortgage agreement with the bank, as well as a WHEDA closing affidavit stating that the bank and WHEDA were not expected to inspect the details of the

property, to guarantee it was free of defects or that the buyer was making a good investment. The bank signed the WHEDA lender's warranty stating that the loan had been processed in accord with manual requirements.

The following spring, the Goossens were issued a citation from the county assistant zoning administrator for having an improper septic system that consisted in part of a pipe through which raw sewage drained into a ditch along the road in front of the property. The county required the Goossens to replace the improper system. The Goossens called WHEDA but were told there was nothing WHEDA could do.

WHEDA required the bank to repurchase the loan as provided in the loan purchase agreement. The bank replaced the Goossens' WHEDA loan with a new mortgage on the same terms. The Goossens obtained a WHEDA home improvement loan from the bank and had the septic system replaced.

The Goossens then brought an action against the bank alleging breach of contract, negligent misrepresentation and negligence. After a bench trial, the circuit court held the bank liable on all three theories. We conclude that the plaintiffs' claims fail. First, their contract with the bank contained no term requiring a septic system inspection, and they were not third-party beneficiaries of the contract between WHEDA and the bank. Second, the bank made no misrepresentation, the Goossens did not rely upon the bank's representations to their detriment, and the bank had no duty to the Goossens to obtain an inspection. Third, their negligence claim was not argued sufficiently for consideration by this court. For these reasons, we reverse.

## I.   CONTRACT ISSUES

### A.   Contract Claim Between the Goossens and the Bank

■■■■
Contract law rests upon obligations imposed by bargain. *Northridge Co. v. W.R. Grace & Co.*, 162 Wis. 2d 918, 933, 471 N.W.2d 179, 185 (1991). The law protects the justifiable expectations of the contracting parties. *Merten v. Nathan*, 108 Wis. 2d 205, 211, 321 N.W.2d 173, 177 (1982). When interpreting a contract, the goal is to ascertain the parties' intent. *Eden Stone Co. v. Oakfield Stone Co.*, 166 Wis. 2d 105, 116, 479 N.W.2d 557, 562 (Ct. App. 1991).

■■■■
A contract is based on a mutual meeting of the minds as to terms, manifested by mutual assent. *Household Utils. v. Andrews Co.*, 71 Wis. 2d 17, 28-29, 236 N.W.2d 663, 669 (1976); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 3, at 13 (1981). For a term to be part of a contract, the term must have been in the contemplation of the parties; it must have been the parties' intent to contract for it; and the parties must have had a meeting of the minds as to the term. *Household Utils.*, 71 Wis. 2d at 29, 236 N.W.2d at 669. A contract cannot create a legal obligation or a legal duty in either party as to a term that was unknown to both parties and not in the contemplation of either party when the contract was made. *See* ARTHUR L. CORBIN, CORBIN ON CONTRACTS § 2, at 3 (1952); *see also Household Utils.*, 71 Wis. 2d at 29, 236 N.W.2d at 669. Whether the parties reached the necessary agreement as to the term depends upon the parties' expression of intention. *Bong v. Cerny*, 158 Wis. 2d 474, 481, 463 N.W.2d 359, 362 (Ct. App. 1990). A court should not

import more into an oral contract than is expressed and agreed upon by the parties. *Roeske v. Diefenbach*, 75 Wis. 2d 253, 260, 249 N.W.2d 555, 559 (1977).

An oral contract can be proved by extrinsic evidence. *See In re Estate of Czerniejewski*, 185 Wis. 2d 892, 895, 519 N.W.2d 702, 703 (Ct. App. 1994). If the terms are plain and unambiguous, the agreement is construed as it stands. *Eden Stone*, 166 Wis. 2d at 116, 479 N.W.2d at 562. Whether a contract is ambiguous is a question of law decided independently of the trial court. *Wausau Underwriters Ins. Co. v. Dane County*, 142 Wis. 2d 315, 322, 417 N.W.2d 914, 916 (Ct. App. 1987). Ambiguity exists if the contract is reasonably susceptible to more than one meaning. *Id.* at 322, 417 N.W.2d at 916.

Here, both parties and the trial court agree that a contract or an agreement existed between the Goossens and the bank. We agree. The elements of an enforceable contract, "offer," "acceptance" and "consideration" are present: The Goossens offered to borrow money, the bank accepted their offer by processing the loan, and the Goossens provided consideration by paying the bank a loan origination fee. *See NBZ, Inc. v. Pilarski*, 185 Wis. 2d 827, 837, 520 N.W.2d 93, 96 (Ct. App. 1994) (citing 1 ARTHUR L. CORBIN, CORBIN ON CONTRACTS §§ 11, 112 (1963)).

However, the terms of the contract are not susceptible to more than one meaning. They did not include a septic system inspection. The inspection requirement was part of the contract between the bank and WHEDA discussed in the third-party beneficiary section below. The contractual obligation was to process a

247

loan with terms favorable to first-time home buyers, a low down payment and low interest rate. The Goossens testified they sought a mortgage with a low interest rate, did not expect the bank to obtain a septic system inspection, and did not ask for an inspection. The bank did not promise an inspection. At the time of WHEDA's agreement with the Goossens, neither the Goossens nor the loan officer knew of the inspection requirement. The Goossens signed the WHEDA closing affidavit agreeing that neither the bank nor WHEDA guaranteed the property to be free of defects.

The Goossens analogize the bank's inspection obligation to an electrician's obligation to install wiring according to the requirements of the Wisconsin Electrical Code whether or not the customer knows the code. The analogy is inapt because the electrician's duty is imposed by state law. Where the state's public policy is expressed in legislative acts, "the statutory provisions 'step in and control and regulate the mutual rights and obligations' of the parties to a contract relating to the subject matter of the statute." *Gordie Boucher Lincoln-Mercury Madison v. J & H Landfill*, 172 Wis. 2d 333, 340, 493 N.W.2d 375, 378 (Ct. App. 1992) (quoting *Von Uhl v. Trempealeau Cty. Mut. Ins. Co.*, 33 Wis. 2d 32, 38, 146 N.W.2d 516, 520 (1966)). Here, the bank's duty is not imposed by statute. It is based solely on a contractual obligation to WHEDA, which has not been shown to extend to the Goossens.

There is no contractual obligation to obtain an inspection when one party does not expect it and the other party does not promise it. The Goossens bargained for a low interest, low down payment loan and got it. The bank's breach of its contract with WHEDA is not a breach of contract with the Goossens.

## B. Third-Party Beneficiary Claim

The parties concede that a contract existed between the bank and WHEDA. The issue whether the Goossens are third-party beneficiaries to that contract was urged by the Goossens and challenged by the bank both at trial and on appeal.

Under established Wisconsin law, a contract cannot be enforced by a person not a party to it. *Abramowski v. Wm. Kilps Sons Realty*, 80 Wis. 2d 468, 472, 259 N.W.2d 306, 308 (1977). The exception to that rule is a contract specifically made for the benefit of a third party. *Id.* at 472 n.3, 259 N.W.2d at 308 n.3. The person claiming to be a third-party beneficiary of a contract must show that the contract was entered into by the parties to the contract directly and primarily for his benefit. *Krawczyk v. Bank of Sun Prairie*, 174 Wis. 2d 1, 7-8, 496 N.W.2d 218, 220 (Ct. App. 1993).

A person may enforce a contract as third-party beneficiary if the contract indicates that he or she was either specifically intended by the contracting parties to benefit from the contract or is a member of the class the parties intended to benefit. *Pappas v. Jack O. A. Nelsen Agency*, 81 Wis. 2d 363, 371-72, 260 N.W.2d 721, 725-26 (1978). An indirect benefit, merely incidental to the contract between the parties, will not give rise to a third-party beneficiary claim. *Ampex Corp. v. Sound Inst.*, 44 Wis. 2d 674, 683, 172 N.W.2d 170, 174 (1969).

The Goossens failed to establish they are third-party beneficiaries to the contract between WHEDA and the bank. The WHEDA Lender's Manual requires

lenders to obtain a septic system inspection, however, there is no expression of intent to benefit borrowers in the manual or any other WHEDA document, and neither the bank nor WHEDA presented any testimony that their contract was for the benefit of borrowers. Further, the Goossens do not assert that the septic system inspection was directly and primarily intended to benefit borrowers, but only that the general purpose of WHEDA is to benefit qualifying first-time home buyers.

## II.   NEGLIGENCE ISSUES

### A.   Negligent Misrepresentation Claim

As contract law rests upon obligations imposed by bargain, tort law rests upon obligations imposed by law. *Northridge*, 162 Wis. 2d at 933, 471 N.W.2d at 185. Under Wisconsin law, the tort of negligent misrepresentation has four elements that the plaintiff must prove: (1) The defendant must make a representation of fact; (2) the representation of fact must be untrue; (3) the defendant must have been negligent in making the representation; and (4) the plaintiff must have believed that the representation was true and have relied upon it to his detriment. *Chevron Chem. Co. v. Deloitte & Touche*, 168 Wis. 2d 323, 331-32, 483 N.W.2d 314, 317 (Ct. App. 1992); *see also* WIS J I—CIVIL 2403 at 1-2. The word "negligent" means "failure to exercise ordinary care," and a person in a business owes a duty of care commensurate with the care usually exercised by persons of ordinary intelligence and prudence in that kind of business. WIS J I—CIVIL 2403 at 1-2. Although the party making the representation need only fail to exercise due care in order to be held negligent, he first must

have a legal duty of care to the other party. *Whipp v. Iverson*, 43 Wis. 2d 166, 170, 168 N.W.2d 201, 204 (1969). Whether facts fulfill a particular legal standard such as due care is a question of law that this court decides independently and without deference to the trial court. *See Kersten v. H.C. Prange Co.*, 186 Wis. 2d 49, 56, 520 N.W.2d 99, 102 (Ct. App. 1994).

The Goossens' claim of negligent misrepresentation fails. There was no misrepresentation by the bank, no reliance to their detriment by the Goossens, and the bank owed no duty to the Goossens to obtain a septic system inspection.

The bank did not misrepresent a fact to the Goossens. The bank did not represent that it would obtain a septic system inspection. The bank represented that it would process a low interest loan with favorable terms for first-time home buyers, and it did so. When, in consequence of the bank's failure to obtain a septic system inspection WHEDA required the bank to repurchase the loan, the bank replaced the Goossens' WHEDA loan with another loan identical in terms.

The Goossens did not rely to their detriment on the bank's representations. They did not expect the bank to obtain an inspection. They understood their agreement with the bank was for the processing of a loan and did not include a septic system inspection. No evidence suggests they failed to inspect the septic system themselves in reliance on the bank's representations.

The bank did not fail to fulfill its duty of care to the Goossens. The bank's duty to the Goossens was to process a loan with ordinary care. The bank's duty to obtain a septic system inspection was to WHEDA, voluntarily assumed in its contract with WHEDA. No document or testimony from WHEDA suggests that

251

borrowers were to be beneficiaries of the bank's contractual duty. If the failure to obtain an inspection was negligent, it was the bank's duty to WHEDA that was breached.

The Goossens attempt to establish the element of reliance by characterizing it as their "feeling" that the bank, as a lender processing a WHEDA loan, was "responsible to make sure that the property was worthy of the price . . . ." The bank owed no such duty to the Goossens and assumed no such duty. The Goossens acknowledged as much when they signed the WHEDA closing affidavit stating that neither WHEDA nor the lender guaranteed the Goossens were making a good investment.

## B. Negligence

The negligence claim is accorded one paragraph in the Goossens' brief, with no authority cited except to lay out the elements of a negligence claim. There is no argument to support the Goossens' claim beyond conclusory statements and assertions such as "[t]he case before the court is classic and simple negligence law" and "the Goossens were relying on [the bank] 'to get it right.'" Because the issue is inadequately briefed, we decline to address it. *In re Estate of Balkus*, 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593, 598 n.5 (Ct. App. 1985).

*By the Court.*—Judgment reversed.

CANE, P.J. (*dissenting*). I disagree with the majority's conclusion. The bank accepted a fee from the Goossens to process a WHEDA loan and it failed to do it properly. Whether it is labeled negligence or breach of contract, the fact is that the WHEDA loan required the

bank in this loan process to have the home's septic system inspected and the bank failed to do so. Had the bank done its duty of properly processing the WHEDA loan, the home's septic system would have been inspected as required and the defect would have been easily discovered. However, now the Goossens are required to finance not only the home, but also the additional cost of replacing the defective septic system.

I specifically reject the majority's characterization that inspecting the septic system was an agreement only between the bank and WHEDA. In proper context, the inspection was the bank's duty or obligation as part of the loan process. For example, when contracting with a builder, plumber or electrician, the owner does not know all of the code requirements or the specific details of the work required in accomplishing the task. The owner rightfully expects that the work will be done in accordance with the code, although he may not be aware of its specific requirements. The builder, plumber or electrician must be aware of the requirements and comply with them as part of their duty or obligation in the agreement. When they build a home, install the plumbing or do the electrical wiring, but fail to comply with the code, they then are liable for the harm to the owner.

Here, the customer applying for a WHEDA loan should not be compelled to be aware of all the regulations and nuances of the WHEDA requirements. That is the bank's obligation when it accepts a fee to process this loan. When it fails to meet these duties and the customer is harmed as a result of the bank's breach or negligence, liability results. Here, the bank's liability is the Goossens' cost of replacing the defective septic system, a cost the Goossens would not have incurred had

253

the bank complied with its duty to properly process the WHEDA loan.

Therefore, I would affirm the judgment.