Jane HAUSMAN and Karen Wright, Plaintiffs-
Appellants, †

v.

ST. CROIX CARE CENTER, INC., Defendant-Respondent.

Court of Appeals

*No. 96–0866. Submitted on briefs November 5, 1996.—Decided
December 10, 1996.*

(Also reported in 558 N.W.2d 893.)

†Petition to review granted.

400

For the plaintiffs-appellants the cause was submitted on the briefs of *Peter M. Reinhardt* and *Carol N. Skinner* of *Bakke Norman, S.C.*, Menomonie and New Richmond.

For the defendant-respondent the cause was submitted on the brief of *John M. Loomis* and *Katherine L. Williams* of *Beck, Chaet, Loomis, Molony & Bamberger, S.C.*, Milwaukee.

Amicus Curiae brief was filled by *Betsy J. Abramson* of Madison, for Elder Law Center of the Coalition of Wisconsin Aging Groups, and *William P. Donaldson* of Madison, for Board on Aging and Long-Term Care.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Jane Hausman and Karen Wright appeal the trial court's order granting St. Croix Care

Center, Inc.'s, motion to dismiss the complaint for failing to state a claim upon which relief can be granted. Hausman and Wright contend that § 50.07(1)(e), STATS., creates a private cause of action for retaliatory discharge against one who discloses abuse or neglect of elderly nursing home residents. Hausman and Wright further claim that such retaliatory discharge is a violation of the public policy of the State of Wisconsin and that the Center's failure to properly post the identity of the appropriate agency to which reports of abuse and neglect are to be directed presents a claim for misrepresentation. Because this court concludes that no private right of action is created by § 50.07(1)(e) and that the complaint fails to state a claim for violations of public policy and misrepresentation, the court's order dismissing the complaint is affirmed.

The complaint alleges the following facts. Wright is a licensed practical nurse and worked at St. Croix Care Center as a resident care coordinator. Hausman is a licensed social worker and was the director of social services at the Center. Wright and Hausman were part of a five-person interdisciplinary care team responsible for insuring that the residents' needs were being met on a continuing basis. Concerns arose as to whether falls from beds resulting in injury were being adequately investigated, the sufficiency of the residents' nutritional diet and whether certain staff members' disrespectful treatment of residents was being fully addressed. When the Center failed to respond to these expressed concerns, the care team approached the Center's administrator with their concerns. Nothing was done despite a follow-up visit with the Center's director. When the Center failed to take appropriate action, the care team contacted the

regional ombudsman for the board on aging and long-term care and the bureau of quality compliance, a division of the State Department of Health and Social Services, to request an investigation of the care provided to the Center's residents.

Pursuant to the ombudsman's suggestion, Hausman contacted family counsel members, who are relatives of the Center's residents, and approached the Center's board of directors with these concerns. Hausman was subsequently suspended and ultimately her employment was terminated. The Center contends this action was taken due to performance problems. Three months later, the Center terminated Wright's employment citing budget reasons.

A motion to dismiss tests the legal sufficiency of the complaint. *Bartley v. Thompson*, 198 Wis. 2d 323, 331, 542 N.W.2d 227, 230 (Ct. App. 1995). The motion raises a question of law that we review without deference to the trial court. *Id.* Although we take the pleaded facts and inferences from those facts as true, "legal conclusions and unreasonable inferences need not be accepted." *Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis. 2d 723, 731, 275 N.W.2d 660, 664 (1979). A complaint is legally insufficient and warrants dismissal if under no circumstances can the plaintiff recover based on the facts alleged. *Williams v. Security S&L Ass'n.*, 120 Wis. 2d 480, 482-83, 355 N.W.2d 370, 372 (Ct. App. 1984).

Hausman and Wright's claim that § 50.07(1)(e), STATS., creates a private cause of action presents an issue of statutory construction. The purpose of statutory construction is to ascertain and give effect to the legislature's intent. *State v. Martin*, 162 Wis. 2d

406

883, 893, 470 N.W.2d 900, 904 (1991). Subsections of statutes are not read in isolation. *Kerkvliet v. Kerkvliet*, 166 Wis. 2d 930, 939, 480 N.W.2d 823, 827 (Ct. App. 1992). "The entire section of a statute *and related sections* are to be considered in its construction and interpretation; we do not read statutes out of context." *Id.* The construction of a statute presents a question of law this court reviews without deference to the trial court. *State v. Pham*, 137 Wis. 2d 31, 33-34, 403 N.W.2d 35, 36 (1987).

Section 50.07(1)(e), STATS., provides:

(1) No person may:

. . . .

(e) Intentionally retaliate or discriminate against any resident or employe for contacting or providing information to any state official, or for initiating, participating in, or testifying in an action for any remedy authorized under this subchapter.

Section 50.07(2), however, provides that violators of the above section may be fined up to $1,000, imprisoned up to six months or both for each offense.

We are required to conclude that § 50.07(1)(e), STATS., does not create a private cause of action. The language of the statute primarily determines the existence of a private cause of action. *McNeill v. Jacobson*, 55 Wis. 2d 254, 258-59, 198 N.W.2d 611, 614 (1972). The statute's purpose and the remedy contained within its language are factors to take into consideration in determining whether a private cause of action is created. *Id.* The touchstone of this inquiry "is the presence of an expression of legislative intent specifically to create such a right, and the form and the language of the rule are the primary indicators of such

an expression." *Kranzush v. Badger State Mut. Cas. Co.*, 103 Wis. 2d 56, 79-80, 307 N.W.2d 256, 268 (1981). There is a presumption against implying causes of action in a statute. *West Allis Memorial Hosp., Inc. v. Bowen*, 852 F.2d 251, 254 (7th Cir. 1988); *see Yanta v. Montgomery Ward & Co.*, 66 Wis. 2d 53, 56-57, 224 N.W.2d 389, 392-93 (1974).

Although Hausman and Wright are members of the special class § 50.07(1)(e), STATS., is intended to protect, it does not mean that they have a private right to enforce any violations. *See Fortier v. Flambeau Plastics Co.*, 164 Wis. 2d 639, 659, 476 N.W.2d 593, 601 (Ct. App. 1991). In *Fortier*, we held that property owners adjacent to a landfill did not have a private cause of action for damages even though they were part of the class the administrative rule sought to protect. *Id.* Supporting the conclusion that the administrative rule did not create a cause of action was that enforcement for violations of the rule was commended to the attorney general. *Id.* at 661, 476 N.W.2d at 602. We find this case to be similar to *Fortier*.

In determining whether § 50.07(1)(e), STATS., creates a private cause of action, we must consider the enforcement method the legislature has chosen. Section 50.07(2) provides that "[v]iolators of this section may be imprisoned up to 6 months or fined not more than $1,000 or both for each violation." The legislature established a clear mechanism to enforce the statute; violation of this statute is a criminal and public matter rather than a private one. The legislature provided for the enforcement of this statutory provision through the penalty expressed by the statutory language and not by creating a private cause of action. The only enforcement mechanism

contained in the statute is the criminal penalty; it is silent as to any private causes of action. Had the legislature intended to create a private cause of action, it could have provided for dual enforcement. The existence of this penalty provision and the presumption against implying private rights of action compel the conclusion that the legislature did not intend this statute to create a private cause of action. *See Fortier*, 164 Wis. 2d at 661, 476 N.W.2d at 602.

Hausman and Wright next contend that because their employment was terminated while they were attempting to enforce the residents' rights, an action for wrongful discharge under public policy exists. Although such an action is available in Wisconsin, we conclude that it is not available to Hausman and Wright under the facts alleged in the complaint.

Whether a cause of action for wrongful discharge exists is a question of law. *See Brockmeyer v. Dun & Bradstreet*, 113 Wis. 2d 561, 335 N.W.2d 834 (1983). Causes of action for wrongful discharge are very limited. *See Bushko v. Miller Brewing Co.*, 134 Wis. 2d 136, 141, 396 N.W.2d 167, 170 (1986). These actions are limited to situations where the discharge is "for refusing a command to violate a public policy as established by a statutory or constitutional provision." *Id.* at 141, 396 N.W.2d at 170. The employee's conduct in conformity with public policy is "praiseworthy," but any termination resulting from such conduct does not provide the basis of a wrongful discharge action. *Id.*

The wrongful discharge doctrine has no application to the facts alleged in this case. Neither Hausman nor Wright allege they were ever commanded to violate the constitution, a statute or the

administrative code. Their complaint merely alleges that they "believe[d]" they were asked to violate the law. While a command may be implied from an employer's conduct, *Winkelman v. Beloit Memorial Hosp.*, 168 Wis. 2d 12, 18-19, 483 N.W.2d 211, 213-14 (1992), no such implication is supported by this complaint. It is not alleged that Hausman and Wright were told to refrain from reporting their concerns nor is it alleged that they were commanded to engage in any abuse or cover up incidents of inadequate care. In short, they do not contend they were told to take or cease any activity. As a result, Hausman and Wright do not adequately allege a claim for wrongful discharge as a violation of public policy.

We note that some states have created a "whistleblower" exception to the employment at will doctrine. *See Moyer v. Allen Freight Lines*, 885 P.2d 391 (Kan. 1994); *Suchodolski v. Michigan Consol. Gas Co.*, 316 N.W.2d 710 (Mich. 1982); *Vonch v. Carlson Cos.*, 439 N.W.2d 406 (Minn. Ct. App. 1989); *Remba v. Federation Employment & Guidance Serv.*, 545 N.Y.S.2d 140 (N.Y. 1989); *Helmick v. Cincinnati Word Processing, Inc.*, 543 N.E.2d 1212 (Ohio 1989); *Nees v. Hocks*, 536 P.2d 512 (Or. 1975). The appellants' argument suggests a theory along these lines. This doctrine has not been recognized in Wisconsin and is an issue that must be addressed by the supreme court or the legislature.

The third basis upon which Hausman and Wright challenge the dismissal order is founded on the allegation of misrepresentation brought against the Center for failure to post the appropriate agency to whom neglect and abuse matters are to be directed. Hausman and Wright contend that they would have been protected from a retaliatory termination had they

directed their complaints to the appropriate agency, the Pierce County Human Services Department.[1] Section 46.90(4)(a)1, STATS., allows any person to report suspected abuse to the designated county agency. Section 46.90(4)(b)1 prohibits any employer from discharging or otherwise discriminating against any person for reporting under subsec. (a)1. Hausman and Wright, however, did not report their concerns to the Pierce County Human Services Department.

To make out a claim for misrepresentation the plaintiffs must prove: (1) The defendant must make a representation of fact; (2) the representation of fact must be false; (3) the defendant negligently made the representation; and (4) the plaintiff(s) must have believed that the representation was true and detrimentally relied upon it. *Goosen v. Estate of Standaert*, 189 Wis. 2d 237, 250, 525 N.W.2d 314, 319-20 (Ct. App. 1994). Whether the facts fulfill these legal standards is a question of law. *Id.* at 251, 525 N.W.2d at 320.

Hausman and Wright argue that the Center committed a misrepresentation because it posted the identity of the ombudsman and the Wisconsin Department of Health and Social Services, but failed to identify the county agency to whom such complaints could be made with protection against any retaliation. Even accepting the allegations as true, we cannot agree. Because the posting of the information was according to statute, it was not intended as a representation by the Center. To make a misrepresentation claim, the posting needed to represent itself as a full and complete statement of all

---

[1] The correct county agency under ch. 46, STATS., was only referred to once in the record and not formally identified.

of the agencies to whom such complaints could be addressed. Only if this was the representation could Hausman and Wright claim they were misled into not reporting to the designated Pierce County agency. No reasonable interpretation of the facts alleged in this posting could lead to the conclusion that the agencies posted were the only agencies to whom such complaints could be made. This is fatal to the misrepresentation claim.

We, therefore, conclude that no claim for misrepresentation was stated because the Center's notice did not represent itself as a comprehensive list of all agencies to whom such reports could be made. Further, the alleged representation is not false because it listed appropriate agencies to report such concerns.

Because we also conclude that § 50.07(1)(e), STATS., does not provide a private cause of action, and Hausman and Wright failed to state a claim for a violation of public policy or misrepresentation, the order dismissing their action is affirmed.

*By the Court.*—Order affirmed.