COURT OF APPEALS
DECISION
DATED AND FILED

July 14, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2019AP1919**
**2019AP2215**

Cir. Ct. No. 2018CV611

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

SCOTT R. SCHMIDT,

PLAINTIFF-APPELLANT,

V.

SHEILA REIFF, CLERK OF CIRCUIT COURT, KIMBERLY S. BUSHEY, RICHARD G. CHANDLER, SECRETARY, STEVEN GORTON, CHIEF, WALWORTH COUNTY AND DEPARTMENT OF REVENUE,

DEFENDANTS-RESPONDENTS.

APPEALS from orders of the circuit court for Walworth County: CHAD G. KERKMAN, Judge. *Affirmed.*

Before Reilly P.J., Gundrum and Davis, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. In these consolidated appeals, Scott Schmidt appeals pro se from orders dismissing his complaint for failure to state a claim. We agree that Schmidt's complaint does not state a claim, and we affirm.

¶2 In 1990, as a result of convictions for multiple felonies, the circuit court imposed court costs on Schmidt, which he never paid.[1] Pursuant to WIS. STAT. § 973.05(4) (2013-14), on August 28, 2014, the circuit court entered a $2725.20 civil judgment for those costs against Schmidt. Schmidt did not appeal from the August 2014 judgment. In October 2014, the Walworth County Clerk of Circuit Court (the clerk) notified Schmidt of the clerk's intent to certify the debt to the Wisconsin Department of Revenue (DOR) to offset a tax refund.

¶3 In 2016, the clerk entered into a State Debt Collection Agreement (the agreement) with the DOR pursuant to WIS. STAT. § 71.93(8)(b)5. (2015-16). In 2017, the clerk sent two notices to Schmidt that his debt was being sent to the DOR for collection pursuant to WIS. STAT. § 71.935 (2015-16). On October 2, 2017, the DOR levied Schmidt's bank account and recovered $351.49 on his 2014 judgment debt (the levy).

¶4 In October 2018, Schmidt commenced the case before us, suing the clerk, the DOR, and various individuals[2] and challenging the levy on a number of grounds. After concluding that Schmidt owed the debt and that "there was a mechanism for collecting on that debt," the circuit court concluded that Schmidt's

---

[1] *State v. Schmidt*, Walworth County circuit court case No. 1990CF100338.

[2] When we refer to the DOR or to the clerk, we are also referring to the individuals who were affiliated with each entity when Schmidt filed his complaint.

2

complaint failed to state a claim. Schmidt appeals from the dismissal of his complaint.

¶5 As a threshold matter, we must clarify the scope of this appeal. The 2014 judgment is outside the scope of this appeal because the time for appealing that judgment has long since expired. *See* WIS. STAT. RULE 809.10(1)(e) and WIS. STAT. § 808.04(1) (2019-20). Furthermore, Schmidt's complaint in this case constitutes an impermissible collateral attack on the 2014 judgment. *Mercado v. GE Money Bank*, 2009 WI App 73, ¶16, 318 Wis. 2d 216, 768 N.W.2d 53. We do not consider any issue premised on a challenge to the 2014 judgment or the existence of the judgment debt.

¶6 "A motion to dismiss for failure to state a claim tests whether the complaint is legally sufficient to state a cause of action for which relief may be granted." *Tietsworth v. Harley-Davidson, Inc.*, 2004 WI 32, ¶11, 270 Wis. 2d 146, 677 N.W.2d 233. "We review a dismissal for failure to state a claim de novo, accepting the facts alleged in the complaint … as true …." *Id.* "[T]he sufficiency of a complaint depends on substantive law that underlies the claim …." *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶31, 356 Wis. 2d 665, 849 N.W. 2d 693.

¶7 On appeal, Schmidt argues that his complaint states claims upon which relief could be granted. Of the claims properly before this court, Schmidt challenges the process by which the clerk sent the debt to the DOR for collection and the process by which the DOR collected the debt.

¶8 Schmidt's complaint alleges that in levying against his bank account to collect upon a judgment debt, the DOR acted outside of its authority under WIS. STAT. ch. 71 (2015-16) to collect tax due. As the DOR and the clerk correctly

argue, Schmidt does not state a claim upon which relief can be granted. In paragraph fifty of his complaint, Schmidt acknowledges that the county can enter into collection agreements with the DOR to collect funds due the county. WIS. STAT. § 71.93(8)(b)1. and (b)5. (2015-16). In this case, the DOR was not collecting a tax due; the DOR was collecting an outstanding judgment debt due to the county pursuant to the agreement. Schmidt's complaint does not state a claim that the DOR should have complied with statutes governing the collection of taxes.

¶9     Schmidt alleges that by levying against his accounts, the DOR was not acting under WIS. STAT. § 71.935(3)(a) (2015-16), which authorizes the DOR to set off debts against a tax refund. Schmidt does not state a claim. The agreement authorizes the DOR to act pursuant to WIS. STAT. § 71.93(8)(b)5. (2015-16). The DOR may collect debts by collecting against any property of the debtor. WIS. STAT. §§ 71.93(8)(b)5. and 71.91(6)(b) (2015-16).

¶10     Schmidt claims due process violations because he did not receive notice of collection activities before they started in October 2014 and the 2017 levy occurred without notice to him.[3] Schmidt's 2018 complaint alleges that he is subject to a WIS. STAT. ch. 980 (2019-20) commitment and has been residing at Sand Ridge Secure Treatment Center since September 2010. The clerk sent the August 2014 judgment to Schmidt at Sand Ridge. The clerk complied with WIS. STAT. § 973.05(4)(a) (2013-14) (the clerk shall "send to the defendant at his or her

---

[3] Even though Schmidt contends that he did not receive the October 2014 Notice of Certification, Schmidt's complaint alleges that he has resided at Sand Ridge Secure Treatment Center since September 2010. The October 2014 notice shows that it was sent to Schmidt at Sand Ridge.

last-known address written notification that a civil judgment has been issued"). The clerk also sent the October 2014 Notice of Certification to Schmidt at Sand Ridge. In 2017, the clerk twice sent notices of intent to collect to Schmidt. These notices appear in the docket entries for the 1990 felony case in which the financial obligation was first imposed.

¶11 Schmidt is charged with knowledge of debt collection laws affecting his property. *See Ritter v. Ross*, 207 Wis. 2d 476, 493, 558 N.W.2d 909 (Ct. App. 1996). We conclude that as with "proceedings for the levy and collection of taxes, due process 'does not imply or require the right to such notice and hearing as are deemed essential to the validity of the proceedings and judgments of judicial tribunals.'" *Devitt v. City of Milwaukee*, 261 Wis. 276, 279, 52 N.W.2d 872 (1952) (citation omitted). "[T]ax statutes may adopt a procedure summary in nature and that notice of such proceedings need not be more than reasonably adequate to afford the owner an opportunity to protect his property." *Id.* at 280.

¶12 Schmidt was provided with notice of the debt and notices that the clerk was taking steps to collect it. After considering the allegations in the complaint, including the allegation that Schmidt has resided at Sand Ridge since 2010, we conclude that Schmidt was provided with the notice contemplated by WIS. STAT. §§ 71.93(8)(b) and 71.935(2) (2015-16). His complaint does not state a claim for relief.

¶13 Schmidt challenges the information contained in the October 2014 Notice of Certification as insufficient because while it informs the debtor of a right to appeal, it does not express a deadline for doing so. Schmidt cites no authority for his contention that the October 2014 certification is defective for this reason. We do not decide inadequately briefed issues. *See Vesely v. Security First Nat'l*

***Bank***, 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593 (Ct. App. 1985) (we will not independently develop a litigant's argument).

¶14     Schmidt cites no applicable authority for his claim that the DOR should have delayed collection activities to give him a chance to pay the August 2014 judgment memorializing an obligation first imposed in 1990.  The DOR pursued collection activities as authorized by WIS. STAT. § 71.93(8)(b)5. (2015-16), and the DOR had authority to levy upon any property belonging to Schmidt, WIS. STAT. § 71.91(6)(b) (2015-16).  Schmidt does not state a claim.

¶15     Relying on the provisions governing a delinquent tax obligation, Schmidt claims that the interest rate on his debt should be adjusted downward, and he should be afforded the opportunity to seek a compromise with the DOR on the amount due.  The compromise and interest provisions upon which Schmidt relies, WIS. STAT. § 71.92 (2017-18), do not apply to him because the DOR is not collecting delinquent income or franchise tax.  The debt is not owed to the DOR; the DOR is collecting a debt owed to Walworth County.  Schmidt has not stated a claim upon which relief can be granted.

¶16     Schmidt argues that the defendants in his case violated the agreement between the DOR and Walworth County.  Schmidt is not a party to the agreement, and he cannot enforce its terms.  *See **Goossen v. Standaert***, 189 Wis. 2d 237, 249, 525 N.W.2d 314 (Ct. App. 1994).  Schmidt has not stated a claim upon which relief can be granted.

¶17    Schmidt claims equal protection violations because he should have the ability to pay the judgment without having his account levied.[4]  Schmidt's equal protection claim fails because the applicable collection statutes apply to all debtors,[5] and they do not classify debtors or treat different debtors differently.  *See Nankin v. Shorewood*, 2001 WI 92, ¶11, 245 Wis. 2d 86, 630 N.W.2d 141.

¶18    We turn to Schmidt's challenges to other aspects of the circuit court proceedings.  Schmidt argues that the circuit court erred when it denied his motion for default judgment arising out of the DOR's late response to his complaint.  We reject this argument.  "Even if a party is in default, there is no right to judgment upon a claim not recognized by law."  *Johnson v. Grzadzielewski*, 159 Wis. 2d 601, 612, 465 N.W.2d 503 (Ct. App. 1990); *Davis v. City of Elkhorn*, 132 Wis. 2d 394, 398-99, 393 N.W.2d 95 (Ct. App. 1986) (a party's failure to answer does not automatically entitle the complainant to a judgment when the complaint does not state a claim for relief).

¶19    Schmidt argues that he should have been permitted to amend his complaint.  As the clerk points out, Schmidt's proposed amendment did not add a claim to his complaint.  Rather, Schmidt merely wanted to amend his complaint to include the agreement between Walworth County and the DOR.  This document was already before the circuit court as part of the clerk's answer.  The circuit court did not misuse its discretion when it denied Schmidt's request to amend his

---

[4] Schmidt makes an ex post facto challenge in relation to the collection of the judgment debt.  Ex post facto challenges only arise in the context of a statute that imposes punishment. *Kaufman v. Walker*, 2018 WI App 37, ¶18, 382 Wis. 2d 774, 915 N.W.2d 193.  Collecting the judgment debt did not punish Schmidt within the meaning of ex post facto law.

[5] For example, WIS. STAT. § 71.93(1)(b) (2015-16).

7

complaint.[6]  *See Mach v. Allison*, 2003 WI App 11, ¶20, 259 Wis. 2d 686, 656 N.W.2d 766.

¶20  Schmidt argues that the circuit court was biased against him.  A judge is presumed to be "free of bias and prejudice."  *See State v. McBride*, 187 Wis. 2d 409, 414, 523 N.W.2d 106 (Ct. App. 1994).  That a judge rules against a party is not evidence, in and of itself, of bias.  *See OLR v. Nora*, 2018 WI 23, ¶35, 380 Wis. 2d 311, 909 N.W.2d 155 (judicial rulings alone almost never constitute a valid basis for a bias or impartiality motion).  There is no indication, by citation to the record on appeal, that Schmidt raised the bias claim in the circuit court.  We do not search the record to support a litigant's arguments, *see Wisconsin Power & Light Co. v. Public Serv. Comm'n*, 171 Wis. 2d 553, 572, 492 N.W.2d 159 (Ct. App. 1992), we do not address issues raised for the first time on appeal, *Segall v. Hurwitz*, 114 Wis. 2d 471, 489, 339 N.W.2d 333 (Ct. App. 1983), and we will not find facts relating to the bias claim, *Kovalic v. DEC Int'l*, 186 Wis. 2d 162, 172, 519 N.W.2d 351 (Ct. App. 1994).

¶21  We decide cases "on the narrowest possible ground," and we do not reach issues we need not reach.[7]  *Village of Slinger v. Polk Properties LLC*, 2021 WI 29, ¶26 n.12, 396 Wis. 2d 342, 957 N.W.2d 229.  While we have considered all of the arguments in the briefs, we have only discussed those arguments

---

[6] The circuit court's dismissal of Schmidt's complaint for failure to state a claim had the effect of denying all pending requests for relief, including Schmidt's motion for leave to amend his complaint.  *See* WIS. STAT. RULE 809.10(4) (2019-20).

[7] Because we affirm the dismissal for failure to state a claim, we do not address any other issues, including Schmidt's discovery issue.

necessary to our decision. *See* ***State v. Waste Mgmt. of Wis., Inc.***, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) (we are not bound by the manner in which the parties have structured or framed the issues). Arguments not discussed have been considered and rejected. ***Id.***

¶22 We conclude that Schmidt's complaint does not state a claim for relief. *See* ***Data Key Partners***, 356 Wis. 2d 665, ¶31. Therefore, we affirm the circuit court's dismissal of the complaint for failure to state a claim.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).